[No. B007316. Second Dist., Div. Two. Jan. 31, 1985.]

ARGONAUT INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HARVEY LANDERYOU et al., Real Parties in Interest.

**COUNSEL**

Clausen, Harris & Campbell, Lon Harris and Marie D. Clause for Petitioner.

No appearance for Respondent.

Fazzi & Fazzi, Louis G. Fazzi and Shernoff & Levine for Real Parties in Interest.

**OPINION**

**ROTH, P. J.**—We determine the claims of real parties in interest as alleged in their superior court complaint for wrongful death are embraced in the

exclusive jurisdiction of the Workers' Compensation Appeals Board (WCAB) and respondent's demurrer on that ground should have been sustained.

On July 11, 1973, Landeryou, wife and mother of real parties, received work-related back injuries. Argonaut Insurance, petitioner, was, after a hearing on a workers' compensation claim, ordered by the WCAB to provide lifetime medical care for Landeryou.

On December 2, 1983, real parties filed an action in respondent court against petitioner. Real parties alleged that Landeryou at the time of her injury was employed by Valley Memorial Hospital and that they are her husband and two sons. Petitioner was the workers' compensation carrier for Valley Memorial Hospital. In early 1982 Landeryou experienced increased back pain. She consulted a doctor who recommended back surgery. In May of that year Landeryou requested Argonaut to authorize the surgery. Argonaut did not immediately comply but in October of 1982 Landeryou was examined by an Argonaut doctor who advised surgery would not be helpful. Real parties further alleged Argonaut's refusal to authorize the surgery was intentional and malicious and caused Landeryou's despondency, as a consequence of which she killed herself on December 9, 1982.

■ We accept as true all well-pleaded factual allegations, however odd or improbable. (*Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 919 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518].)

■ It is generally accepted that when a person sustains a work-related injury, the workers' compensation system provides the exclusive remedy. (Lab. Code, §§ 3600, 3601.) In such instances all proceedings with respect to relief therefor shall be before the WCAB. (Lab. Code, § 5300.) ■ The Workers' Compensation Act embraces a special forum governed by rules of procedure and evidence substantially different from that in the superior court, all of which should be, have been, and are liberally construed in favor of the worker's claim. (Lab. Code, § 3202.) The intention is to compensate the worker adequately and quickly in a specific forum provided therefor. This special forum was intended to be and has been for the benefit of the worker. (*Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 19 [171 Cal.Rptr. 164].) ■ The jurisdiction of the WCAB controls even though in some instances a particular worker may have a better claim against an employer in a civil action filed in the superior court. (*Machado* v. *Hulsman* (1981) 119 Cal.App.3d 453, 455-456 [173 Cal.Rptr. 842].) "It has been uniformly held that the rule requiring a liberal construction of the Act in favor of its applicability applies in civil suits as well as in compen-

sation proceedings [citations omitted]." (*Eckis* v. *Sea World Corp.* (1976) 64 Cal.App.3d 1, 6 [134 Cal.Rptr. 183].)

 Real parties may maintain a wrongful death action (Code Civ. Proc., § 377) only if the decedent, had she survived the suicide attempt, could have maintained an action for the pain and suffering inflicted upon her as a result of or wrongful refusal to respond immediately to her request and a showing that the despondency caused by the delay was the cause of her attempt. The heir or personal representative "stands in the shoes" of the decedent. (*Salin* v. *Pacific Gas & Electric Co.* (1982) 136 Cal.App.3d 185, 192-193 [185 Cal.Rptr. 899].) Thus if the decedent would have had to accept and submit to the exclusive jurisdiction of the WCAB, so too must the real parties.

Real parties' answer to the petition before us asserts that their complaint is styled under the tort theory of intentional infliction of severe emotional distress and they seek to bring this case within the rule of *Unruh* v. *Truck Ins. Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063]. In *Unruh,* an insurance company employee simulating a romantic attachment for the workers' compensation claimant created and staged activities participated in by the employee which were surreptitiously filmed. Such activities were completely incompatible with her claim of disability. The Supreme Court permitted a civil action against the insurance company, holding that the company's conduct was so outrageous as to remove it from its function, status and responsibility as an insurer and thus was liable in a civil suit for an independent tort. In *Unruh* there was demonstrated evidence of calculated affirmative action by the insurance company involved to trap the beneficiary of payments to give evidence against herself and thus avoid and eliminate the payments for which the insurance company was responsible. (*Cervantes* v. *Great American Ins. Co.* (1983) 140 Cal.App.3d 763, 768 [189 Cal.Rptr. 761].)

At bench the complained of nonactivity on the part of Argonaut may be properly compared to a delay or failure of timely payment or service, i.e., its decision not to perform an operation upon which the record shows the doctors differed as to the value thereof. On the accepted pleaded facts such difference of opinion does not support an inference of bad faith.

 "[M]ere delay in payment is not so far removed from the carrier's normal behavior as to constitute a separate sphere of activity, and the mere allegation of bad faith does not, without more, transform the offense into the sort of extreme and outrageous conduct which occurred in *Unruh.*" (*Cervantes* v. *Great American Ins. Co., supra,* 140 Cal.App.3d at p. 774.)

■ In addition, specific acts of misconduct in *Unruh* were alleged and proved. (*Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879, 881-882 [184 Cal.Rptr. 184].) No specific misdeeds are set out in the complaint at bench. The *Unruh* exception is not applicable to the facts of this case.

■ WCAB retains jurisdiction over claims of failure to pay benefits in the form of money or prompt and proper treatment. (*Cervantes* v. *Great American Ins. Co., supra,* 140 Cal.App.3d at p. 770.) It also retains jurisdiction over claims of aggravation of the initial injury. (*Hazelwerdt* v. *Industrial Indemnity Exchange* (1958) 157 Cal.App.2d 759, 762 [321 P.2d 831].)

■ Finally real parties argue that decedent's suicide takes this case out of the workers' compensation system. ■ Labor Code section 3600, subdivision (a) states in part: "Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer . . . where the following conditions of compensation concur: . . . (5) Where the injury is not intentionally self-inflicted. (6) Where the employee has not willfully and deliberately caused his or her own death." However, it has been held that suicide is not "intentionally self-inflicted" nor "wilful" and "deliberate" if, because of mental condition, decedent was unable to control the impulse to kill herself. If the mental condition is due to job-related injury, the statutory exceptions are inapplicable, and the WCAB has exclusive jurisdiction. (*Burnight* v. *Industrial Acc. Com.* (1960) 181 Cal.App.2d 816, 822 [5 Cal.Rptr. 786]; *Vandagriff* v. *Workmen's Comp. App. Bd.* (1968) 265 Cal.App.2d 854, 862 [71 Cal.Rptr. 630].)

Let a peremptory writ of mandate issue compelling respondent court to set aside its order overruling petitioner's demurrer and to enter a new and different order sustaining the demurrer.

Compton, J., and Gates, J., concurred.