[No. B026057. Second Dist., Div. Six. June 15, 1988.]

JOSEPH L. POTTER et al., Plaintiffs and Appellants, v.
ARIZONA SOUTHERN COACH LINES, INC., et al., Defendants
and Respondents.

**COUNSEL**

Chern, Brenneman & Garcia, Gertrude D. Chern and Richard C. Brenneman for Plaintiffs and Appellants.

Fitzpatrick & Barbieri and Evans J. Barbieri for Defendants and Respondents.

**OPINION**

**STONE (S. J.), P. J.**—Does the California workers' compensation law preclude civil action by a former employee for damages incident to employer's failure to notify of employment termination which triggered the statutory right to convert the group insurance coverage to an individual policy? (Lab. Code, §§ 2800.2, 2922; Ins. Code, §§ 12689, 10209; Health & Saf. Code, § 1373.6.) We hold it does under the facts of this case.

Joseph Potter and wife Rita appeal from an order dismissing Arizona Southern Coach Lines, Inc. (Arizona) and Michael Parzych as defendants after their demurrer to appellants' third amended complaint was sustained without leave to amend. Appellants filed suit in the Santa Barbara Superior Court against Joseph Potter's employer Arizona, Michael Parzych, his supervisor, and several insurance companies, alleging wrongful termination after Potter sustained a work-related injury, breach of contract, breach of covenant of good faith and fair dealing, negligence per se, breach of fiduciary duty, estoppel, negligent and intentional infliction of emotional distress and violation of statute.

After the court sustained three demurrers, appellants filed a third amended complaint deleting any reference to work-related injury, alleging, basically, that Arizona discharged him without notice at a time when it knew, or reasonably should have known, that he was unable to work because of an injury. At that time, Rita Potter was suffering from a life-threatening illness which required extensive and costly medical treatment; Joseph Potter had previously sustained a serious and permanent injury which would also require extensive medical expense. Arizona fired Potter some time between November 12, 1984, and November 30, 1984, however, Potter did not learn of this until April 2, 1985, when the group insurer notified appellants that their major medical insurance policy had been cancelled because of Potter's employment termination. Neither Arizona nor the group insurers notified appellants of their statutory right to convert group to individual coverage without further proof of insurability.

Arizona again demurred and attached documents to its pleadings reflecting the existence of a workers' compensation action and a personal injury suit in San Luis Obispo Superior Court. The trial court held that it had no jurisdiction due to the exclusivity of the workers' compensation law for the alleged acts, and sustained the demurrer without leave to amend.

## DISCUSSION

Appellants contend that the cause of action for negligence based upon violation of Labor Code section 2922 for failure to give notice of termination, and causes of action for breach of covenant of good faith and fair dealing, breach of contract, negligence per se, negligent infliction of emotional distress and intentional infliction of emotional distress, all of which incorporate facts related to violation of the statutory right to insurance conversion, are not within the exclusive jurisdiction of workers' compensation.

■ When evaluating the trial court's sustaining a demurrer without leave to amend, the appellate court accepts as true all well-pleaded factual

allegations, however odd or improbable. (*Argonaut Ins. Co.* v. *Superior Court* (1985) 164 Cal.App.3d 320, 323 [210 Cal.Rptr. 417]; *Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 [164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314].) We must construe pleadings liberally with the view of achieving substantial justice between the parties. (Code Civ. Proc., § 452; *Foster* v. *Xerox Corp.* (1985) 40 Cal.3d 306, 312 [219 Cal.Rptr. 485, 707 P.2d 858].)

■ Generally, a person who suffers a work-related injury must seek relief within the workers' compensation system, and all proceedings must be before the Workers' Compensation Appeals Board (WCAB). (Lab. Code, §§ 3600, 3601, 5300.) The special forum of the WCAB operates under rules of procedure and evidence substantially different from those in the superior court, all of which are liberally construed in favor of the workers' claim. (Lab. Code, § 3202.) (*Argonaut Ins. Co.* v. *Superior Court, supra,* 164 Cal.App.3d 320, 323.) The intent of this special forum is to compensate the worker quickly and its jurisdiction controls even though a worker might have a better claim against the employer in a civil action brought in superior court. (*Ibid.*; *Everfield* v. *State Comp. Ins. Fund* (1981) 115 Cal.App.3d 15, 19 [171 Cal.Rptr. 164].) Failure of the Legislature to include in the workers' compensation law an element of damages recoverable at common law cannot be corrected judicially. (*Spratley* v. *Winchell Donut House, Inc.* (1987) 188 Cal.App.3d 1408, 1414 [234 Cal.Rptr. 121].)

Appellants assert that the workers' compensation law was intended to apply solely to physical injury and death and not to contractual or statutory violations. They further argue that Labor Code section 132a, which prohibits discrimination by employers against workers who are injured in the course and scope of their employment, is concerned specifically with preventing discharge or threat of discharge against an employee who has filed or intends to file a claim with the WCAB or who testifies in another employee's case before the appeals board. Their causes of action against the employer, they assert, recite wrongs entirely independent of any industrial injury. Appellants interpret Labor Code section 132a too narrowly. In *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 667 [150 Cal.Rptr. 250, 586 P.2d 564], the Supreme Court concluded that section 132a serves a remedial function by providing compensation to an aggrieved worker for discrimination incurred as a result of the worker's injury. (*Id.,* at p. 668.) "The policy of protection which the workers' compensation laws declare can only be effectuated if an employer may not discharge an employee because of the employee's absence from his job as the consequence of an injury sustained in the course and scope of employment." (*Id.,* at p. 669.)

Labor Code section 3600 provides that in lieu of any other liability whatsoever to any person, liability for the compensation ". . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur: [¶] (1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment. [¶] (3) Where the injury is proximately caused by the employment, either with or without negligence."

Pursuant to Labor Code section 3602, "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, . . . the sole and exclusive remedy of the employee . . . against the employer, . . ." In all cases where the conditions of compensation set forth in Section 3600 do not concur, the employer's liability is not governed by the Workers' Compensation Act. (§ 3602, subd. (c).)

■ Implicit in the workers' compensation laws is the concept that the statutes relate generally to the legal status or relationship between employer and employee. (*Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268, 276-277 [179 Cal.Rptr. 30, 637 P.2d 266].) The legislative purpose is to compensate for losses resulting from the risks inherent in the particular industry to which the employee is exposed. (*Id.,* at p. 277.) The employer's liability is not based upon any act or omission, but solely upon the existence of a contractual relationship of the employee to the employment from which the injury arose during the course of the employment. (*Ibid.*) However, the "historic tradeoff" of speedy, no-fault recovery of compensation to the employee in exchange for limited liability in the exclusive forum of workers' compensation "did not encompass the giving up of rights not yet in being." (*Id.,* at p. 278.)

Labor Code sections 2800.2, 2800.3, Insurance Code section 12670 et seq., and Health and Safety Code section 1373.6 all concern the right of an employee or member of a group plan who becomes ineligible for group coverage to convert to an individual policy without proof of insurability.[1] The legislative intent expressed in Insurance Code section 12670 is to make

---

[1] At appellants request, we take judicial notice of selected legislative history, including committee reports, enrolled bill reports, legislative analysis, and arguments in favor of Senate Bill No. 629 which enacted these provisions. (Evid. Code, § 452, subd. (c); *Post* v. *Prati* (1979) 90 Cal.App.3d 626, 633 [153 Cal.Rptr. 511].) We also take judicial notice of the findings and orders of the WCAB denying his claim in case No. 84 SBA 44283. (Evid. Code, §§ 452, 459.)

certain that an insured covered by a group policy, who becomes ineligible for such coverage, has access to minimum benefits by requiring employers, employee organizations, and other entities which provide such coverage to their employees or members to also make available conversion policies and to guarantee that insurers offer such conversion policies. Significantly, all pertinent code sections place the burden of notification to timely convert from the group coverage solely upon the employer who is to give notice of conversion rights within 15 days of coverage termination. (See Lab. Code, § 2800.2; Ins. Code, § 12689; Health & Saf. Code, § 1373.6.) The employee then has 31 days after termination in which to choose a particular conversion policy. (Ins. Code, § 12687.)

■ Appellants offer no facts to explain how Michael Parzych could possibly be responsible for the alleged injuries given the prohibition of actions against employees for nonwillful injuries in Labor Code section 3601 and the statutory mandate that the *employer* give notice of conversion rights. Thus, the court correctly sustained causes of action involving Parzych. ■ ■ ■ ■ ■ The trial court properly concluded that the first cause of action, alleging wrongful termination at the time Joseph Potter was unable to work due to work-related injury, fell within the exclusive jurisdiction of the WCAB.[2] An employer may not discharge an employee absent from his job consequent to work-related injury. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 658, 669.) To the extent the causes of action for negligence and breach of duty of good faith and fair dealing incorporate the wrongful termination cause of action, they were properly sustained.

■ Recent cases instruct that where the employer's alleged misconduct consists of actions normally part of the employment relationship, i.e., demotions, promotions, criticism of work practices, frictions in negotiating grievances, withheld compensation, or failure to timely process claims, an employee suffering emotional distress causing disability *may not avoid* the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as intentionally outrageous, unfair, or harassing; the court will look behind the label to ascertain if the usual conditions of coverage within the exclusive remedy of workers' compensation are satisfied. (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743]; *Everfield* v. *State Comp. Ins. Fund, supra,* 115 Cal.App.3d 15; *Continental Causualty Co.* v. *Superior Court* (1987) 190 Cal.App.3d 156, 160-161 [235 Cal.Rptr. 260]; *Schlick* v. *Comco Management, Inc.* (1987) 196 Cal.App.3d 974, 981 [242 Cal.Rptr. 241].)

---

[2] The court was not bound to accept as true allegations contrary to factual allegations in former pleadings in the same case. (See 4 Witkin, Cal. Procedure (3d ed., 1985) Pleading, § 412, pp. 458-459; *Lee* v. *Hensley* (1951) 103 Cal.App.2d 697, 704 [230 P.2d 159].)

■ Appellants' 12th and 13th causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress incorporate the wrongful termination allegations of the first cause of action. However, they also state that defendants' acts, "including but not limited to the delay in notification of termination of insurance coverage and conversion rights" caused them severe emotional distress. The second and fourteenth causes of action allege violation of Labor Code section 2922 resulting in loss of insurance coverage. None of the provisions concerning insurance conversion rights or termination with notice is part of the act. ■ Nonetheless, conduct which may appear to violate provisions of different statutes still may fall within the provisions of the Workers' Compensation Act. (See *Fremont Indemnity Co.* v. *Superior Court* (1982) 133 Cal.App.3d 879 [184 Cal.Rptr. 184].) ■ Are termination without notice and failure to apprise appellants of their statutory right to insurance conversion a "normal part of the employment relationship" and, therefore, incidental to it, or, do they constitute conduct of "questionable" relationship to the employment which cannot fairly be held as a normal employment risk? (See *Cole* v. *Fair Oaks Fire Protection Dist., supra,* at p. 160; *Johns-Mansville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 477 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], *Hart* v. *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420, 1429 [235 Cal.Rptr. 68].)

Pursuant to Insurance Code section 12672, any group policy, amended, or renewed on or after January 1, 1983, which provides insurance for employees or members, shall contain a provision that an insured whose coverage under the group policy has been terminated for *any* reason (with exceptions not pertinent herein) shall be offered, upon request, a similar individual policy without evidence of insurability. There is no exception for persons who have filed, or intend to file, a workers' compensation claim or appeal. In fact, in none of these code sections concerning conversion rights and notification does the employee's right to convert to an individual policy depend upon the manner of job termination.[3] The statutes speak of termination of group coverage and encompass persons other than employees who may become ineligible for group coverage due to death or divorce of a covered member. (See Ins. Code, § 12670.)

Consequently, termination of coverage is not dependent upon termination of employment. The statutory duties to give the employee a certificate of insurance coverage containing a notice of conversion privilege (Ins. Code, § 10209), notice of termination of insurance coverage (Ins. Code, § 12689),

---

[3] Insurance Code section 10209, which governs the employer's duty to give the employee a certificate of insurance coverage, *does* include as a provision that the employee has 31 days after termination of employment to apply for conversion coverage.

and notice of termination of employment (Lab. Code, § 2292) are all obligations of the employer stemming from the employer-employee relationship and would normally be undertaken within the ambit of that relationship.

As part of the benefits lost by wrongful termination, health insurance benefits are part of the compensation the WCAB could award. "Compensation' . . . includes every benefit or payment conferred by [the act] upon an injured employee, . . . without regard to negligence." (Lab. Code, § 3207.) Where the gravamen of the complaint is loss of benefits due to wrongful termination, the exclusive remedy lies with the WCAB which has broad jurisdiction over all proceedings "[f]or the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." (Lab. Code, § 5300, subd. (a); *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 980, fn. 3.)

Moreover, " '[t]he existence of a noncompensable injury does not, by itself, abrogate the exclusive remedy provisions of the Workers' Compensation Act.' " (*Seide* v. *Bethlehem Steel Corp.* (1985) 169 Cal.App.3d 985, 991 [215 Cal.Rptr. 629].) A work-connected injury cannot engender separate elements of damage available from separate tribunals. (*Ibid.*) Because the statutory duties allegedly breached here are imposed upon the employer, ". . . the employer's conduct cannot be analyzed outside of the employment context." (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 163, conc. opn. of Panelli, J.)

We find another justification for precluding a civil suit for failure to give notice of termination under Labor Code section 2922 which leads to loss of employment benefits: failure to comply with a statutory duty of notification does not constitute the type of outrageous misconduct so distinct from the normal employer-employee relationship that a separate civil cause of action should be permitted. (See *Jones* v. *Kaiser Industries, Corp.* (1987) 43 Cal.3d 552, 559 [237 Cal.Rptr. 568, 737 P.2d 771]; *Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 160; *Schlick* v. *Comco Management, Inc., supra,* 196 Cal.App.3d 974, 981.) Otherwise, the exception to the exclusive remedy provision of the Workers' Compensation Act would swallow the rule, and "would permit the employee to allege a cause of action in every case where he suffered mental disability merely by alleging an ulterior purpose of causing injury." (*Cole* v. *Fair Oaks Fire Protection Dist, supra,* 43 Cal.3d 148, 160.)

Consequently, the WCAB provides the proper forum to resolve disputes concerning loss of these benefits. Contrary to appellants' assertions, Rita Potter has no independent right to bring suit. Labor Code section 3602 specifically states that "[w]here the conditions of compensation set forth in

Section 3600 concur, the right to recover such compensation is, . . . the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ." (See *Williams* v. *Schwartz* (1976) 61 Cal.App.3d 628 [131 Cal.Rptr. 200].)

The trial court's order is affirmed. Costs to respondents.

Gilbert, J., and Abbe, J., concurred.