[No. A041909. First Dist., Div. One. July 24, 1989.]

VAL A. PICHON, Plaintiff and Appellant, v.
PACIFIC GAS AND ELECTRIC COMPANY et al., Defendants
and Respondents.

COUNSEL

Charles M. Kagay and Spiegel, Liao & Kagay for Plaintiff and Appellant.

Howard V. Golub, Pamela Christensen and John R. Low for Defendants and Respondents.

OPINION

STEIN, J.—Val A. Pichon (hereafter Pichon or appellant), a discharged employee, sued his former employer, Pacific Gas and Electric Co. (hereafter PG&E or respondent), alleging: (1) breach of an express and implied contract of employment terminable only for cause; (2) termination in violation of public policy; (3) breach of the implied covenant of good faith and fair dealing, and (4) negligent and intentional infliction of emotional distress. Pichon also alleged a cause of action under Labor Code section 3602, subdivision (b)(2), for concealment of a medical report stating that he was experiencing an emotional crisis and needed counseling.

The trial court granted the employer's motion for summary adjudication on the grounds that workers' compensation is the exclusive remedy for all of Mr. Pichon's claims for damages for injury to his psyche. The trial court subsequently granted the employer's "motion *in limine*" and dismissed plaintiff's remaining wrongful termination claims for contract damages on the ground that plaintiff's exclusive remedy was under the Workers' Com-

pensation Act. That court further held that the compromise and release of plaintiff's workers' compensation claim constituted a waiver of any civil claims for damages. Pichon appealed claiming error as to each of these rulings.

We hold that: (1) Emotional distress caused by the termination of employment occurs within the course and scope of employment. (2) The exclusivity of workers' compensation does not preclude causes of action for economic or contract damages; however, the employer does have the right to set off from any damages the amount of compensation paid. (3) A compromise and release executed in settlement of appellant's workers' compensation claim does not preclude appellant from suing for breach of contract, termination in violation of public policy, or breach of the covenant of good faith and fair dealing. (4) A decision of the California Unemployment Insurance Appeals Board finding that appellant was discharged for misconduct does not collaterally estop appellant from relitigating the reasons for his discharge.

## FACTS

In view of the summary nature of the adjudication below, we are compelled to state the "facts" as they were alleged by appellant in his pleadings. Appellant's first amended complaint alleged that he was employed by PG&E, as a civil engineer, until August 30, 1983. During the course of this employment appellant alleged that he was harassed by his supervisor and singled out for unfair treatment. On August 15, 1983, a meeting was held to discuss appellant's job performance. When appellant became "very distraught and emotionally overcome" during this meeting, he was suspended from work pending the results of an evaluation process and was referred to an internist and a psychologist. When appellant returned to work, his supervisor informed him that the doctors had found him fit to perform his duties and that there was no need for treatment or counseling. Appellant alleged that these medical reports recommended that he undergo crisis intervention psychotherapy. Respondents did not follow this recommendation and instead continued to harass appellant and reprimanded him by letter dated August 29, 1983.

On August 30, 1983, respondents met with appellant to discuss the reprimand. They gave him a set of behavior requirements to correct the described performance discrepancies. During this meeting, a longstanding dispute regarding appellant's refusal to adopt a bridge design recommended by one of his supervisors was renewed. Appellant continued to assert that his proposal was superior and that the design proposed by his supervisor was unsafe and entailed unnecessary cost that the public would ultimately

bear. Appellant was then discharged for insubordination and publicly humiliated.

Appellant's first cause of action was titled "wrongful termination" and combined allegations of breach of an express and implied contract to terminate only for cause, with allegations of termination in violation of public policy. The second cause of action was for breach of the covenant of good faith and fair dealing.[1] Finally, the third and fourth causes of action were for intentional and negligent infliction of emotional distress.

Approximately a year after his termination, appellant filed a workers' compensation claim for injuries to his "psyche, heart, [and] nervous system." The claim listed the dates of injury as July 15, 1980, through August 30, 1984, and stated that the injury caused disability from August 30, 1984, to the present. On December 20, 1985, the Workers' Compensation Appeals Board approved a compromise and release of appellant's workers compensation claim for $42,000.

On July 27, 1987, respondents filed a motion for summary judgment and an alternative motion for summary adjudication. The court denied the motion for summary judgment but granted summary adjudication because "[t]he claims for damages for injury to [appellant's] psyche are barred by the Settlement and Release Order entered by the Workers' Compensation appeals board . . . and by the exclusive remedy provisions of the Workers' Compensation Act."

On the first day of trial, respondents filed a "motion *in limine*" seeking dismissal of appellant's remaining claims for "economic" damages. On the authority of *Shoemaker* v. *Myers* (1987) 204 Cal.App.3d 40 [237 Cal.Rptr. 686], review granted August 26, 1987 (S001726), respondents contended that, in addition to providing the exclusive remedy for appellant's negligent and intentional infliction of emotional distress claims and any other damage claims for emotional distress, workers' compensation also provided the exclusive remedy for his "wrongful termination" causes of action. Respondents also argued that the release of "any and all claims" set forth in the workers' compensation compromise and release constituted a waiver of his causes of action based on the termination of his employment. The court held a hearing on the motion that same day and appellant appeared and

---

[1] As explained in *Koehrer* v. *Superior Court* (1986) 181 Cal.App.3d 1155 [226 Cal.Rptr. 820], disapproved on other grounds by *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 688-689 [254 Cal.Rptr. 211, 765 P.2d 373], these distinct causes of action are often indiscriminately lumped together under the general rubric "wrongful termination." Although we recognize the different legal theories underlying these causes of action, for the sake of brevity we shall sometimes refer to these four causes of action, that appellant combined in his first two causes of action, as appellant's claims for "wrongful termination."

argued the merits. The court granted the motion and judgment for respondents was entered on February 11, 1988.

On February 17, 1988, appellant filed a "motion for relief" pursuant to Code of Civil Procedure section 473. On March 29, 1988, the court denied the motion and appellant filed a notice of appeal on April 8, 1988.

## I.

We shall first address the propriety of the court's summary adjudication that the exclusive remedy for appellant's claims of injury to his psyche caused by harassment on the job and the termination of his employment is provided by the California Workers' Compensation Act, Labor Code section 3200 et seq. The effect of the summary adjudication is to preclude appellant from litigating his causes of action for negligent and intentional infliction of emotional distress, and from recovering any damages attendant to the remaining causes of action for injuries to appellant's psyche caused by harassment or termination of his employment.

■ Subject to certain narrowly defined exceptions, the California Workers' Compensation Act provides the exclusive remedy for injuries arising within the course of employment. (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 472 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) The current code sections pertaining to the exclusivity of workers' compensation are Labor Code sections 3600 and 3602.[2] Labor Code section 3600 provides in pertinent part: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: (1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.

---

[2] The relevant provisions of the Workers' Compensation Act were amended in 1982. Although many of the amendments were primarily procedural, they did effect some substantive changes. The court has held that the 1982 amendments were not retroactive in application. (*Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 153 [233 Cal.Rptr. 308, 729 P.2d 743].) Because appellant claimed injuries occurring for the period 1980 through 1983, his dates of injury span the period prior and subsequent to the effective date of the 1982 amendments. We need not resolve the question whether his claims are covered by former or current law, or both, because the result we reach would be the same under either version of the relevant Labor Code sections.

"(3) Where the injury is proximately caused by the employment, either with or without negligence . . . ." Labor Code section 3602, in turn, provides that where the conditions of compensation concur, workers' compensation is "the sole and exclusive remedy" for an employee in an action against his employer. The section lists three specified exceptions; however, none of them is relevant to the issue before us.

*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, addressed the question whether the exclusive remedy provisions of the Workers' Compensation Act prior to the 1982 amendments preclude an employee from bringing a cause of action for intentional infliction of emotional distress against his employer. The court concluded that "when the misconduct attributed to the employer in actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability. The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment . . . , and then the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied." (*Id.* at p. 160, citing Larson, *Nonphysical Torts and Workmen's Compensation* (1975) 12 Cal. Western L.Rev. 1, 11-13.)

Two questions, however, were unanswered by the *Cole* decision. The first is whether the emotional distress claim is only subject to workers' compensation exclusivity if emotional distress is manifested in the form of a physically disabling injury. The second is whether emotional distress caused by the termination of employment is an injury arising within the course and scope of employment. We need not resolve the first of these questions because there can be no doubt that appellant suffered a disabling injury as a result of harassment and ultimately the termination of his employment, in light of the fact that he received workers' compensation for injuries to his "psyche and internal organs" incurred during the period of his employment. Thus, the trial court's summary adjudication order, insofar as it dismissed appellant's causes of action for intentional and negligent infliction of emotional distress alleged to have been caused by harassment on the job, is uncontested.

■ Appellant argues, however, that the summary adjudication was erroneous in part because the causes of action for negligent and intentional infliction of emotional distress were also based on the termination of his employment, as were the emotional distress claims for damages attendant to

his causes of action for "wrongful termination." The premise of his argument is that any injury, including emotional distress, caused by the termination of employment does not arise "out of and in the course of employment" (Lab. Code, § 3600), and that workers' compensation does not provide the exclusive remedy for such injuries.[3] We conclude that emotional distress injuries caused by termination of employment are compensable under the Workers' Compensation Act and, therefore, the trial court did not err in summarily adjudicating that the exclusive remedy for all of appellant's claims for injuries to his psyche, regardless of the title of the cause of action, was workers' compensation.[4]

In an analogous context, our Supreme Court indirectly addressed the question whether physical and emotional injuries caused by termination of employment were injuries "arising out of and in the course of employment." (See *Traub v. Board of Retirement* (1983) 34 Cal.3d 793 [195 Cal.Rptr. 681, 670 P.2d 335].)[5] In *Traub,* a public employee alleged he had suffered physical and emotional injuries as a result of false charges which led to the termination of his employment. Although he was ultimately reinstated, he could not adjust to his new duties and was unable to continue working. The court held that it was improper to deny benefits on the basis of unsubstantiated charges of misconduct. In making this determination, the court specifically held that disability arising from the employer's investigation and the termination of employment were service-connected injuries. The court made no distinction between injuries caused by discipline leading up to termination and injuries caused by the termination itself. (*Id.* at pp. 799-801.)

Similarly, in *Pacific Tel. & Tel. Co.* v. *Workers' Comp. Appeals Bd.* (1980) 112 Cal.App.3d 241 [169 Cal.Rptr. 285], cited with approval in *Traub* v. *Board of Retirement, supra,* 34 Cal.3d. at page 800, the court held that if an applicant for workers' compensation benefits did not commit forgery, which would have been outside the scope of his employment, injuries to his "emotional state" would be compensable "even assuming [his employer] acted

---

[3] The Supreme Court has under review a case which addresses the question whether causes of action for breach of an express or implied contract, breach of the implied covenant of good faith and fair dealing, and termination in violation of public policy are barred by the exclusivity provisions of the Workers' Compensation Act. (*Shoemaker* v. *Myers, supra,* 204 Cal.App.3d 40, review granted Aug. 26, 1987 (S001726).)

[4] Appellant does not argue that his cause of action for termination in violation of public policy should be treated any differently than his other causes of action for the purpose of determining the exclusivity of workers' compensation. We therefore express no opinion on that issue.

[5] *Traub* involved the analysis of a state disability benefits statute; however, the relevant statutory language is identical to the Workers' Compensation Act. Benefits were available only for disabilities caused by " 'injury or disease arising out of and in the course of . . . employment.' " (34 Cal.3d at p. 795, fn. 1.)

reasonably and properly in its accusation, investigation and discharge of applicant." (112 Cal.App.3d at pp. 244-245.)[6]

More recently, the Second District, in *Giorgi* v. *Verdugo Hills Hospital\** (Cal.App.), specifically held that injuries resulting from the termination of employment necessarily arise out of and in the course of the employment relationship. Thus, the court affirmed the trial court's grant of summary adjudication in favor of the employer with respect to the plaintiff's claim for intentional infliction of emotional distress. (*Giorgi,■ supra.*) The court further held that the plaintiff's other claims for tort damages caused by emotional distress were also barred by the exclusive remedy of workers' compensation, regardless of the title of the cause of action to which they were attached. (*Giorgi,■ supra.*)

Mr. Pichon alleged in his complaint that he was discharged by PG&E without cause and for seeking to protect the public's safety. According to PG&E, they discharged Mr. Pichon for insubordination. Under either set of facts, appellant's conduct is not the type of misconduct that would warrant the conclusion that he was acting outside the scope of his employment. (Cf. *Traub* v. *Board of Retirement, supra,* 34 Cal.3d 793 [allegations of drug dealing], and *Pacific Tel. & Tel. Co.* v. *Workers' Comp. Appeals Bd., supra,* 112 Cal.App.2d 241 [allegations of forgery].) Thus, we conclude that any emotional distress injuries caused by termination of appellant's employment arose within the course and scope of his employment.

This holding is further supported by decisions of the Workers' Compensation Appeals Board. (See, e.g., *Pacific Bell* v. *W.C.A.B.* (1986) 51 Cal.Comp.Cases 149 [board approved compensation for emotional distress caused by learning that job was eliminated, and having to choose between a transfer and early retirement]; *National Convenience Stores* v. *W.C.A.B.* (1985) 50 Cal.Comp.Cases 23 [W.C.A.B. held that injuries to psyche caused by termination for failure to take a lie detector test arose out of course and scope of employment]; *Inglewood Unified School Dist.* v. *W.C.A.B.* (1983) 48 Cal.Comp.Cases 527 [psychiatric injury caused by teacher hearing it publicly announced that she would be terminated is compensable].)

The cases relied upon by appellant do not support his contention that injuries caused by termination of employment do not arise within the course

---

[6] Although we recognize that the primary issue in *Traub* and *Pacific Tel. & Tel. Co.* was whether unsubstantiated charges of misconduct outside the scope of employment disqualified the employee from receiving benefits for disability caused by discipline and termination, the underlying assumption of both decisions is that absent evidence that the employee was disciplined for acts outside the scope of his employment, and that the employee in fact committed the alleged misconduct, an injury to the emotional state or psyche caused by the termination of employment is an injury arising within the course and scope of employment.

and scope of employment. In *Georgia-Pacific Corp.* v. *Workers' Comp. Appeals Bd.* (1983) 144 Cal.App.3d 72 [192 Cal.Rptr. 643], the record failed to prove that the injuries alleged were actually caused by termination. Thus, the court's comment that even if causation had been demonstrated, "it is clear that [the plaintiff's] injury would not be compensable, because it would not be work-related within the meaning of Labor Code section 3600," is dicta. (*Id.* at p. 75.) Similarly, in *Whittaker* v. *W.C.A.B.* (1982) 47 Cal.Comp.Cases 677, there was no evidence that the employee suffered any disabling injury. Thus, the board's decision in that case denying compensation was based on the absence of a disability.

Based on the foregoing authorities, we conclude that the court did not err in summarily adjudicating that the exclusive remedy for appellant's claims of injury to his psyche, whether caused by on the job harassment or by termination, is provided by the Workers' Compensation Act.

## II.

We next address the propriety of the trial court's ruling, pursuant to respondents' purported Code of Civil Procedure section 597 motion,[7] that all of appellant's remaining causes of action for breach of an express or implied contract termination in violation of public policy and breach of the implied covenant of good faith and fair dealing should be dismissed because appellant's exclusive remedy was workers' compensation.

In their motion, respondents argued that appellant's remaining causes of action "seek economic and punitive damages for acts compensable under the Workers' Compensation Act, which provides plaintiff with an exclusive remedy." It was respondents' position that if appellant suffered any compensable injury as a result of the termination of his employment, his exclusive remedy for such injuries was worker's compensation. In support of their position, respondents noted that appellant admitted that "the alleged 'mistreatment at work' totally disabled him from employment of any kind and that he had not worked since the discharge, and was not seeking work." Appellant stressed that he was seeking only "economic damages," which he defined as lost wages and loss of job benefits.[8] He also disputed that he was

---

[7]Code of Civil Procedure section 597 reads, in relevant part: "When the answer pleads . . . any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, . . . upon the motion of any party, proceed to the trial of the special defense or defenses before the trial of any other issue in the case, and if the decision of the court, . . . is in favor of the defendant pleading the same, judgment for the defendant shall thereupon be entered and no trial of other issues in the action shall be had unless that judgment shall be reversed on appeal or otherwise set aside or vacated. . . ."

[8]By voluntarily limiting his claims to economic damages, appellant waived any noneconomic damages that might have been recoverable pursuant to his public policy cause of action. (See *Foley* v. *Interactive Data Corp., supra,* 47 Cal.3d 654, 667 [court held that tort damages are available for termination in violation of public policy].) Our decision does not pre-

totally disabled as of his termination, arguing that he did not become disabled until nearly a year thereafter.

■ Appellant first contends that respondents' motion was actually a motion for summary judgment and that they evaded the notice requirements of the summary judgment statute by characterizing their motion as made under Code of Civil Procedure section 597. Even if this motion was a motion for summary judgment, appellant waived any objections to respondents' failure to give notice as required by Code of Civil Procedure section 437c when he appeared at the hearing and argued the motion on the merits without any reference to the failure to provide adequate notice. (See, e.g., *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 27 [210 Cal.Rptr. 762, 694 P.2d 1134].)

■ The issue is whether the court erred in finding as a matter of law[9] that the exclusive remedy for appellant's remaining claims, following the grant of respondents' motion for summary adjudication, was also provided by workers' compensation. (*Angelus Chevrolet* v. *State of California* (1981) 115 Cal.App.3d 995, 1000 [171 Cal.Rptr. 801].) We conclude that the court erred because the termination of appellant's employment may have caused economic or contract damages independent of any disabling injury.

Labor Code sections 3600 and 3602 bar liability only for physical or emotional injury, not other types of injuries that may be involved. We interpret *Howland* v. *Balma* (1983) 143 Cal.App.3d 899 [192 Cal.Rptr. 286] to sanction the severance of damage claims for personal injuries covered by workers' compensation from the remaining elements of damages if the cause of action is otherwise directed to some other injury unrelated to the compensable personal injury. In *Howland* the court held that the fact that the employee had suffered a compensable injury should not preclude him from suing for the damage to his reputation, which the court deemed not to be an action for personal injury compensable by workers' compensation.[10] Instead,

---

clude appellant from attempting to prove his cause of action for termination in violation of public policy. If appellant should prevail on that theory, however, he may only recover damages for lost wages and loss of job benefits not attributable to any injury to his psyche. In *Foley,* the court also held that tort damages are unavailable for a cause of action for breach of the implied covenant of good faith and fair dealing in an employment contract. (*Id.* at pp. 682-699.) *Foley* has been held to be fully retroactive. (*Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973 [258 Cal.Rptr. 592, 772 P.2d 1059].) We leave it to the trial court to determine whether, in light of the unavailability of tort damages on the breach of covenant cause of action, appellant has any other elements of damages that might be recoverable.

[9] We deem it appropriate to review the court's ruling as if it had been a grant of a motion for summary judgment in light of the fact that the court did not hold a trial on the alleged defense, and that in support of the motion respondents relied not only on the pleadings, and the compromise and release, but also on appellant's deposition testimony.

[10] We express no opinion as to the correctness of the *Howland* court's conclusion that the claim for damages to reputation was not precluded by the exclusivity of workers' compensa-

the court held the employee was only precluded from recovering "damages for 'psychiatric and medical consultation' and legal costs in processing his disability application . . . ." (*Id.* at p. 906, fn. 8.)

■ We hold that if an employee suffers an injury compensable under the Workers' Compensation Act, he or she may not recover any damages *caused by that injury* in a civil action for damages unless some exception to the exclusivity provisions of the Workers' Compensation Act is available. If, as is the case with a cause of action for intentional infliction of emotional distress, the only injury involved is the compensable injury to the psyche, then the entire cause of action should be dismissed. ■ However, where an employee sues for breach of contract, and the same conduct also caused a compensable injury, that employee should simply be precluded from recovering any damages caused by the compensable injury in a suit against his former employer. In other words, rather than rely on the title of a cause of action, we shall examine the underlying injury to determine whether the "essence" of the cause of action is personal injury or death. (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 160.)

■ In this case appellant, following the granting of the motion for summary adjudication, expressly stated that his remaining causes of action sought only "economic damages." ■ ■ If it were proved that appellant was totally and permanently disabled as of his termination, it might be that appellant suffered no economic damages for which he hadn't already been compensated.[11] Since appellant expressly stated that he was seeking only "economic damages," and there was a question of fact whether he had been totally and permanently disabled, we find it was error to dismiss the remaining causes of action.

■ We are unpersuaded by respondents' argument that if appellant suffered *any* compensable injury as a result of the termination of his employment, then all of his remaining causes of action for economic damages caused by the termination are precluded by the exclusivity provisions of workers' compensation. Were we to accept respondents' position, anytime an employee suffered a compensable injury as a result of the termination of his or her employment, no matter how temporary or partial, the employee would, for example, be precluded from recovering contract damages caused by the termination, despite the fact that the workers' compensation system would compensate the employee only for medical costs and lost wages

---

tion. We rely on *Howland* only to the extent that it held the fact that an employee does incur a compensable injury should not preclude a civil action for other unrelated injuries.

[11] Although respondents asserted that appellant had testified that he was totally and permanently disabled as soon as he was terminated, they attached no excerpts of the deposition or other evidentiary support. Respondents therefore failed to carry their burden of establishing that this fact was beyond dispute. (*Beech Aircraft Corp.* v. *Superior Court* (1976) 61 Cal.App.3d 501, 520 [132 Cal.Rptr. 541].)

caused by the disability. (See 2 Larson, Workmen's Compensation Law (1987) §§ 57.10, 57.11; Lab. Code, §§ 4451, 4460.) Such a result would be a windfall to employers in cases where the contract damages far exceed the compensation liability for an injury caused by termination. The exclusivity provisions only preclude an employee from bringing a civil action on account of an "injury" arising within the course and scope of employment. (Lab. Code, § 3600.) Economic or contract damages incurred independent of any disability cannot logically be included in the concept of "injury" in the sense of "personal injury or death."

We recognize that there is a substantial risk of double recovery if an employee does suffer a compensable injury in addition to incurring economic or contract damages as a result of the termination of employment because, in addition to compensating for medical costs, workers' compensation compensates for lost wages for the period of disability. Thus, if these damages were calculated without regard to the period of disability for which the employee may be compensated by workers' compensation, the employee would recover twice. The appropriate solution is to set off from any damages the amount of compensation paid. Thus, for example, if appellant was in fact totally and permanently disabled, as claimed by the respondents in this case, he may not have any contract damages in excess of the compensation he is entitled to for this injury. In that case, it may then be appropriate to dismiss the remaining claims.[12]

Our decision should not be construed to hold that the exclusivity provisions of the Workers' Compensation Act can never preclude a wrongful termination claim because the injury sought to be redressed by such a claim is loss of employment, not a "personal injury" or death. "[When] the essence of the wrong is personal physical injury or death, *the action is barred by the exclusiveness clause no matter what its name or technical form . . . .*" (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 160, italics added.) The crucial question is what is the nature of the actual underlying injury for which the former employee is trying to recover, not what cause of action is alleged.

### III.

As an alternative basis for granting respondents' Code of Civil Procedure section 597 motion, the trial court stated that the "remaining causes of action are barred . . . by the releases contained in the Compromise and Release agreement executed by the parties in settlement of plaintiff's Work-

---

[12]An example of a case where an action for wrongful termination might be barred by the exclusivity of workers' compensation is where the plaintiff alleged he suffered physical and emotional injuries as a result of his termination but is promptly reinstated with full back pay and benefits. In that case the plaintiff has no contract damages, and the only compensable injury would be for personal injuries caused by the termination.

ers' Compensation Act claim." The release stated, ". . . said employee releases and forever discharges said employer and insurance carrier from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury . . . ." In a typewritten portion added to the printed form, the parties specified that the release included a dismissal with prejudice of appellant's Labor Code section 132, subdivision (a) claim for retaliatory discharge and any claim under Labor Code section 4553 for serious and willful misconduct.

■ We conclude that it was also error to hold that, as a matter of law, the release of any and "all claims and causes of action . . . as a result of said injury" included appellant's claims for wrongful termination which survived summary adjudication. By its terms, the release was directed to claims that arose as a result of the injury described in the release, i.e., the physical and mental injuries appellant suffered as a result of harassment on the job and the termination of his employment. We have concluded that the only claims which survived summary adjudication and appellant's waiver of any noneconomic damages, are limited to economic damages not caused by injuries to appellant's psyche. We have also concluded that appellant would not be entitled to recover any lost wages for any period of time that he was disabled. Thus, the remaining claims cannot be described as claims arising as a result of any compensable injuries to appellant's psyche. At the least, there is an issue of fact as to whether the parties intended the release to cover the type of claims appellant is now asserting. (See, e.g., *Howland* v. *Balma, supra,* 143 Cal.App.3d 899, 905-906 [court held that terms of release applied to claims for "*physical* and *mental* injuries" and that there was a triable issue of fact whether the parties intended that the scope of the release extended to a cause of action for injury to reputation].)[13]

The trial court also held that the release precluded appellant from bringing an action under Labor Code section 3602, subdivision (b)(2). That section provides an exception to the exclusivity provisions of workers' compensation, for aggravation of appellant's injuries allegedly caused by respondents' active concealment of the medical reports that showed that he was experiencing an emotional crisis and required psychotherapy. ■ This cause of action, assuming arguendo that it was properly alleged,[14] is a claim

---

[13] We are aware of the fact that the court in *Hollywood Refrigeration Sales Co.* v. *Superior Court* (1985) 164 Cal.App.3d 754 [210 Cal.Rptr. 619] held, inter alia, that the release of any and all claims contained in a compromise and release precluded an employee from bringing a cause of action for intentional infliction of emotional distress against his employer. Our conclusion, however, is consistent with *Hollywood Refrigeration* because in that case the cause of action for intentional infliction of emotional distress was an action arising as a result of the same injuries for which the employee had already been compensated through a compromise and release of his workers' compensation claim. Thus, the employee did not allege any causes of action for contract damages that were not based on his compensable injuries.

[14] Appellant did not allege a separate cause of action under Labor Code section 3602, subdivision (b)(2). Instead, in an effort to survive the respondents' motion for summary judg-

arising as a result of the injury to appellant's psyche incurred during the course of his employment. Appellant makes no contention that he was unaware of the facts forming the basis of the section 3602, subdivision (b)(2) claim at the time the release was signed. We therefore affirm the court's ruling to the extent that it held this cause of action was barred by the terms of the release.

## IV.

 Respondents urge, as an alternative basis for affirming the judgment, that the trial court should have granted its initial motion for summary judgment on the ground that a decision of the California Unemployment Insurance Appeals Board (CUIAB) finding that appellant was discharged for misconduct collaterally estops appellant from relitigating the reasons for his discharge. The trial court denied the motion based on Unemployment Insurance Code section 1960, which provides that: "Any finding of fact or law, judgment, conclusion, or final order made by a hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding before the appeals board, shall not be conclusive or binding in any separate or subsequent action or proceeding, and shall not be used as evidence in any separate or subsequent action or proceeding, between an individual and his or her present or prior employer brought before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts."

Respondents argue that the plain terms of this code section should not apply if the claimant seeks final review of the CUIAB decision by way of a writ of mandate, as did the appellant in this case. We disagree. The most reasonable interpretation of the language of Unemployment Insurance Code section 1960 is that the reference to "[a]ny finding of fact, conclusion, or final order" includes the denial of a writ of mandate which renders the decision of the CUIAB final. Moreover, if we were to create an exception to this provision for those decisions of the CUIAB for which a claimant seeks final review by writ of mandate, the policies behind section 1960, i.e., preservation of the speedy and informal administrative scheme, and recognition of the unfairness of binding the parties in light of the relatively nominal economic stakes of the unemployment insurance proceedings, would be eviscerated in any case where a party exercised its right to obtain review by writ of mandate. (See *Mahon* v. *Safeco Title Ins. Co.* (1988) 199 Cal.App.3d 616, 622 [245 Cal.Rptr. 103].)[15]

---

ment, he later contended that he at least should be allowed to allege a cause of action pursuant to Labor Code section 3602, subdivision (b)(2), based on allegations in his complaint regarding concealment of the medical report.

[15] In according retroactive effect to Unemployment Insurance Code section 1960, the court held that even before section 1960 was enacted, the findings of administrative tribunals were

In light of our determination that Unemployment Insurance Code section 1960 precludes us from giving the findings of the CUIAB collateral estoppel effect, we need not address appellant's contention that that decision did not adversely determine all of the issues in this lawsuit.

## CONCLUSION

We affirm the court's summary adjudication that any claims for damages to plaintiff's psyche are barred by the exclusivity provisions of the Workers' Compensation Act regardless of whether the claimed damages are for injuries caused by harassment leading up to the termination of appellant's employment, or by the termination itself. Appellant is therefore barred from litigating his causes of action for negligent and intentional infliction of emotional distress, and from recovering damages for injuries to his psyche caused by the termination of his employment in his remaining causes of action.

We reverse the judgment for respondents as to appellant's remaining causes of action, except to the extent that the court held that a cause of action pursuant to Labor Code section 3602, subdivision (b)(2), was precluded by the terms of the compromise and release. The case is remanded for further proceedings in accordance with this opinion.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied August 23, 1989, and the opinion was modified to read as printed above.

---

not necessarily accorded collateral estoppel effect in light of the difference in the interest and remedies involved.