OPINION
Plaintiffs Robomatic, Inc., and Sidney Rehka appeal a judgment in favor of defendants. We affirm and hold that a workers' compensation proceeding is Rehka's exclusive remedy for negligent infliction of emotional distress ensuing from dismissal of employment. (Pichon v. Pacific Gas Electric Co. (1989)212 Cal.App.3d 488, 496 [260 Cal.Rptr. 677]; Potter v. ArizonaSo. Coach Lines, Inc. (1988) 202 Cal.App.3d 126, 133-135 [248 Cal.Rptr. 284].)
 FACTS
Plaintiff Sidney Rehka brought an action against his employer Vetco Offshore, Inc. (Vetco), for damages ensuing from dismissal of his employment. Rehka alleged causes of action for slander and negligent infliction of emotional distress. The trial judge awarded judgment on the pleadings regarding the slander action because Rehka failed to plead malice to defeat Vetco's conditional privilege of communication. (Civ. Code, § 47, subd. 3.) A trial followed concerning whether Rehka suffered emotional distress, and if so, whether he was an employee or an independent contractor. Evidence at trial established:[1]
Vetco supplies underwater oil drilling equipment, including a pipe with a particular "pack-off" seal consisting of two concentric metal rings connected with rubber. This seal prevents petroleum and sediments from leaking into the ocean during drilling.
Vetco employed Rehka as a tool design engineer. As part of his duties, he drafted plans and blueprints for an improved "pack-off" seal. Vetco then manufactured a mold from his plans.
Rehka testified he spoke with plant manager George Bulgin concerning testing the mold through his independent business, Robomatic, Inc. Rehka stated that Bulgin replied: "I'll support you 100 percent. I will do everything to make the [testing] legal in the company." According to Rehka's *Page 273 
testimony, Bulgin then directed the manufacturing supervisor, Cline Skeeters, to prepare a purchase order for Robomatic to test the mold.
Rehka testified that he performed tests and created two additional molds in the workshop of his Camarillo ranch. Thereafter he sent Vetco an invoice for $96,550 for testing, research and development, and engineering. Vetco did not pay the invoice and dismissed Rehka 18 months later for violating company conflict of interest policies. Rehka did not retain the molds he created nor any of the documents concerning this work. He stated that his dog "ran out" of the workshop with certain papers.
In contrast plant manager Bulgin testified and denied authorizing Rehka or Robomatic to test or perform engineering upon the "pack-off" seal mold. He stated that the mold could have been tested for $300 or less by certain rubber companies. He added that he informed Rehka it would violate company policies for him to perform outside work upon the mold.
Manufacturing supervisor Skeeters testified that he issued a $1,000 purchase order to Robomatic because plaintiff Rehka called and requested it. Skeeters did not know that Rehka owned Robomatic. The $1,000 financial limit for testing was a precaution added by Skeeters because he was not familiar with Robomatic.
Rehka admitted he knew Vetco policies prohibited certain outside activities by employees. He acknowledged that Vetco required employees to notify supervisors in writing of potential conflicts of interests. Rehka also executed an agreement agreeing that any ideas, developments or improvements created during or after business hours belonged to Vetco.
The trial judge decided there was "very little evidence, if any" Rehka was an independent contractor. He then concluded that a proceeding under workers' compensation was Rehka's sole remedy for negligently inflicted emotional distress. On appeal Rehka contends he can pursue tort actions for slander and negligent infliction of emotional distress resulting from his dismissal.
 DISCUSSION I. (1) Rehka contends he is not confined to a workers' compensation proceeding for his claim of negligent infliction of emotional distress but may pursue recovery in a tort action. He relies upon Robards v. Gaylord Bros., Inc. (9th Cir. 1988)854 F.2d 1152, 1157. He points out that he has not *Page 274 
alleged any physical injury or disability accompanying or resulting from his emotional distress. He adds that Vetco may be liable in tort under the principle of dual capacity. (Bell v.Industrial Vangas, Inc. (1981) 30 Cal.3d 268, 282 [179 Cal.Rptr. 30, 637 P.2d 266].) We reject these contentions and affirm that an action for negligent infliction of emotional distress resulting from employment dismissal is barred by the workers' compensation exclusivity rule. (Lab. Code, § 3600; Potter v.Arizona So. Coach Lines, Inc., supra, 202 Cal.App.3d 126, 133-135.)
Subject to certain narrow exceptions, recovery under workers' compensation is the exclusive remedy for injuries occurring within the course of employment. (Lab. Code, §§ 3600, 3602;Pichon v. Pacific Gas Electric Co., supra, 212 Cal.App.3d 488, 494.) The test for deciding whether a claimant may pursue a tort action or is confined to a workers' compensation proceeding is whether the acts complained of are normally within an employer-employee relationship. (Potter v. Arizona So. CoachLines, Inc., supra, 202 Cal.App.3d 126, 133; Hart v.National Mortgage Land Co. (1987) 189 Cal.App.3d 1420, 1429 [235 Cal.Rptr. 68] rejecting the "physical harm" versus "emotional harm" test.)
Our Supreme Court announced in Cole v. Fair Oaks FireProtection Dist. (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308,729 P.2d 743] that "when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harrassment, [sic] or intended to cause emotional disturbance resulting in disability." An employer may be liable in tort, however, if it commits an act not reasonably anticipated in an employer-employee relationship. (Hart v. NationalMortgage Land Co., supra, 189 Cal.App.3d 1420, 1431.)
Dismissal from employment is a normal risk inherent in an employment relationship. (Zilmer v. Carnation Co. (1989)215 Cal.App.3d 29, 40 [263 Cal.Rptr. 422]; Pichon v. Pacific Gas Electric Co., supra, 212 Cal.App.3d 488, 496.) It necessarily arises from employment because it is an event ending the employer-employee relationship. (Zilmer v. Carnation Co.,supra, 215 Cal.App.3d 29, 40.)
Recent decisions have confined actions for infliction of emotional distress to recovery under workers' compensation. (Authorities discussed in Pichon v. Pacific Gas ElectricCo., supra, 212 Cal.App.3d 488, 496.) Here Rehka admitted at trial that his emotional distress resulted from his dismissal. *Page 275 
Since dismissal from employment inheres in the employment relationship, Rehka is limited to recovery under workers' compensation.
Rehka relies upon Robards v. Gaylord Bros., Inc., supra,854 F.2d 1152. Robards decided that an employee may pursue a tort action for negligently inflicted emotional distress if he does not suffer accompanying physical injury or disability. (Id., p. 1157.) We disagree with Robards's analysis. As Vetco points out, Robards misinterprets the cases on which it relies. These cases compel us to affirm the rule that an employee is confined to workers' compensation recovery for emotional injuries negligently inflicted as part of the normal employment relationship. (Russell v. Mass. Mut. Life Ins. Co. (9th Cir. 1983) 722 F.2d 482, 493 revd. on other grounds, MassachusettsMut. Life Ins. Co. v. Russell (1985) 473 U.S. 134 [87 L.Ed.2d 96, 105 S.Ct. 3085]; Renteria v. County of Orange (1978)82 Cal.App.3d 833, 839, fn. 3 [147 Cal.Rptr. 447].)
Rehka also misapprehends the principle of dual capacity. That rule pertains where an employee's injury results from a risk of harm faced similar to that faced by the general public. (Bell
v. Industrial Vangas, Inc., supra, 30 Cal.3d 268, 282.) Typically, dual capacity applies where an employee is injured by a defective product. (Ibid.) This situation is not present here. Moreover, the trial judge concluded, with sufficient support in the evidence, that Rehka did not have a relationship as an independent contractor with Vetco. Hence, Rehka's tort action may not be based upon his status of independent contractor.
 II.
Rehka argues he is not confined to a workers' compensation proceeding for the intentional tort of slander committed by Vetco employee Bulgin. Rehka's second amended complaint alleged that plant manager Bulgin accused Rehka of improperly using Vetco property and "other wrongful conduct." Jeff Jackson and Gary Smith heard these accusations. (During the hearing upon Vetco's motion for judgment on the pleadings, Rehka's attorney conceded that Jackson and Smith were co-employees.) Rehka argues his slander action derived from his status as an independent contractor and not as an employee.
Rehka's argument fails for two reasons. First, the trial judge decided, with the support of substantial evidence, that Rehka was not an independent contractor. Thus, any injuries or damages suffered by Rehka due to the alleged slander occurred during his employment.
(2) Second, an employer has a qualified privilege of communication to a listener with a common interest. Civil Code section 47, subdivision 3 *Page 276 
provides that "A privileged publication or broadcast is one made — 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested. . . ." (Williams v.Taylor (1982) 129 Cal.App.3d 745, 752 [181 Cal.Rptr. 423] [employer described former employee as "a thief" to persons who referred business to employer].)
To defeat this conditional privilege, a plaintiff must specifically allege malice. (Williams v. Taylor, supra,129 Cal.App.3d 745, 752.) A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him. (Martin v. Kearney (1975) 51 Cal.App.3d 309, 312 [124 Cal.Rptr. 281].) Since Rehka did not specifically allege malice, although given the opportunity to amend, judgment on the pleadings was properly granted.
Accordingly, the judgment is affirmed. Rehka is to bear costs on appeal.
Stone (S.J.), P.J., and Abbe, J., concurred.
[1] We grant Vetco's motion to strike certain portions of the statement of facts in plaintiffs' opening brief as not supported by the evidence or outside the record on appeal. *Page 277