**Dona BRACKE, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; James Simpson, Defendants—Appellees.**

No. 01–56302.

D.C. No. CV–99–13027–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided March 7, 2003.

Before MESKILL,* THOMPSON, and BERZON, Circuit Judges.

### MEMORANDUM**

After being terminated as a court commissioner for the Glendale Municipal Court ("Court"), Dona Bracke filed suit against Judge James Simpson, presiding judge of the Court, and the County of Los Angeles ("County"), the county in which the Court is located. She sued these defendants for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) wrongful termination; (4) negligent infliction of emotional distress ("NIED"); and (5) intentional infliction of emotional distress ("IIED"). She appeals the district court's summary judgment in favor of the defendants on all five claims. We affirm.

The district court correctly granted summary judgment in favor of Judge Simpson on the breach of contract and breach of implied covenant claims, because he was not in privity of contract with Bracke. *Andrus v. Estrada,* 39 Cal. App.4th 1030, 1042 n. 14, 46 Cal.Rptr.2d 300 (Cal.Ct.App.1995) (noting that to be liable for breach of contract, the defendant must be a party to the contract); *Fireman's Fund Ins. Co. v. Maryland Cas. Co.,* 21 Cal.App.4th 1586, 1599, 26 Cal. Rptr.2d 762 (1994) (holding that "[t]he prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties[.]").

The district court also correctly determined that Judge Simpson was entitled to summary judgment on the wrongful termination claim because, although he was Bracke's supervisor, he was not her employer. *Jacobs v. Universal Dev. Corp.,* 53 Cal.App.4th 692, 704, 62 Cal.Rptr.2d 446 (1997) (holding that "[o]nly an employer can be liable for tortious discharge, and fellow employees cannot be held accountable for tortious discharge on a conspiracy theory."); *Phillips v. Gemeni Moving Specialists,* 63 Cal.App.4th 563, 575–76, 74 Cal.Rptr.2d 29 (1998) (same).

■ Summary judgment was also appropriate in favor of Judge Simpson on Bracke's NIED and IIED claims, because those claims are barred by California's Worker's Compensation Act ("WCA"). Cal. Lab.Code § 3601 (providing that the WCA is the exclusive remedy for injuries caused by fellow employees); *Robomatic, Inc. v. Vetco Offshore,* 225 Cal.App.3d 270, 272, 275 Cal.Rptr. 70 (Cal.Ct.App.1990)

* The Honorable Thomas J. Meskill, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(holding that "a worker's compensation proceeding is [the plaintiff's] exclusive remedy for [NIED] ensuing from dismissal of employment."); *Shoemaker v. Myers*, 52 Cal.3d 1, 25, 276 Cal.Rptr. 303, 801 P.2d 1054 (Cal.1990) (holding that IIED claims are also covered by the WCA).

Attempting to avoid WCA preclusion of her emotional distress claims, Bracke argues that Judge Simpson was untruthful with her and his fellow judges in connection with the court's investigation of her; that he lobbied other judges to accept a "blatantly inaccurate" report that was critical of her job performance; that after the court voted to terminate her, Judge Simpson withdrew a previous promise that she would be given the opportunity to resign; and that he humiliated and embarrassed her by his conduct and by trying to get her to "fix" traffic tickets for his friends. This conduct, she contends, caused her to suffer emotional distress, and because it was so extreme and outrageous it falls outside of the scope of the WCA. We disagree.

From our review of the entire record it is clear that what ultimately caused Bracke to suffer emotional distress was her termination of employment. The decision to terminate her, and indeed all of the conduct of which she complains, occurred as part of her employment relationship. That conduct, therefore, is covered by the WCA. *Shoemaker*, 52 Cal.3d at 25, 276 Cal.Rptr. 303, 801 P.2d 1054 (holding that such a decision is "a normal part of the employment relationship," and that "[e]ven if such conduct may be characterized as intentional, unfair, or outrageous, it is nevertheless covered by the [WCA].").

■ With regard to the County, the district court also correctly granted summary judgment in its favor on all claims asserted against it, because the County was not Bracke's employer. *Jones v. County of Los Angeles*, 99 Cal.App.4th 1039, 1045–47, 121 Cal.Rptr.2d 621 (Cal.Ct.App.2002) (holding that "[i]f the County is not plaintiff's employer, an employment-related lawsuit cannot proceed against that separate entity."). The "essential characteristic of the employment relationship is the [power] to control and direct the activities of the person rendering service." *County of Sonoma v. Workers' Comp. Appeals Bd.*, 222 Cal.App.3d 1133, 1137, 272 Cal.Rptr. 297 (Cal.Ct.App.1990). Bracke was appointed by and held office at the pleasure of a majority of the judges of the Court. Cal. Govt Code § 72192. The Court's judges, including Judge Simpson, are employees of the state, *County of Sonoma*, 222 Cal.App.3d at 1137, 272 Cal.Rptr. 297, and the Court itself is an "arm of the state." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1995).

Bracke argues that even if the County was not her employer, it may still be held liable because it had a significant role in her termination. We disagree. The judges of the Court made the decision to terminate Bracke. Those judges were not employed by and did not act at the direction of the County. Moreover, by corresponding with Bracke and her counsel, the County Counsel's office was simply representing the Court as its lawyer, as permitted by statute. Cal. Govt Code § 27647 (providing that "[i]f requested to do so ... the county counsel may represent any [municipal] court or judge thereof in all matters and questions of law pertaining to any of such judge's duties.").

**AFFIRMED.**