[No. C000313. Third Dist. Mar. 11, 1988.]

ANITA MAHON, Plaintiff and Appellant, v.
SAFECO TITLE INSURANCE COMPANY, Defendant and
Respondent.

**COUNSEL**

Porter, Scott, Weiberg & Delehant, Craig Caldwell and Mary Fabre LeVine for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Willard Z. Carr, Jr., Christoper J. Martin and Andrew R. Kislik for Defendant and Respondent.

OPINION

BLEASE, J.—Anita Mahon, plaintiff below, appeals from a summary judgment in favor of her erstwhile employer, Safeco Title Insurance Company (SAFECO), in an action for alleged wrongful discharge. SAFECO prevailed on the ground that Mahon was collaterally estopped to raise the issue of wrongful discharge because the issue had been determined adversely to her in a prior unemployment compensation proceeding. During the pendency of this appeal the Legislature enacted Unemployment Insurance Code section 1960 (hereafter section 1960) which says that such administrative adjudications shall not be given collateral estoppel effect. We deem the statute applicable to this appeal and will reverse the judgment.

### FACTS AND PROCEDURAL BACKGROUND

Mahon was fired on July 6, 1981, for refusing to comply with a directive transferring her from the main Sacramento office of SAFECO to a branch office in Rancho Cordova. She applied for unemployment compensation benefits. The Department of Employment Development determined that she was ineligible on the ground that she had voluntarily left work without good cause. She appealed from the determination to an administrative law judge (ALJ) who decided, after a hearing, that she was entitled to benefits. SAFECO in turn appealed from this decision to the Unemployment Insurance Appeals Board. The board set aside the ALJ's decision and remanded the matter for a new hearing because, due to a mechanical failure, it was not possible to transcribe the record of the first hearing.

After the second hearing the ALJ decided that the original determination of ineligibility should be affirmed. Mahon appealed and was informed that the transcript of the second hearing was misplaced. She withdrew her appeal, apparently on the ground that the $800 in issue did not warrant the cost of litigation of the matter for a third time in the administrative forum.

Thereafter SAFECO moved for summary judgment in this action. SAFECO asserted that the administrative decision should be given collateral estoppel effect on the issue of whether Mahon had voluntarily quit without good cause, which issue SAFECO contended governed the merits of Mahon's wrongful discharge claim. The trial court granted the motion for summary judgment.

### DISCUSSION

The parties advance conflicting positions concerning the applicability of collateral estoppel to this unemployment insurance (UIB) adjudication,

including whether the issues are identical with those litigated in the UIB adjudication and whether issue preclusion is warranted given the peculiar history of miscues in the UIB proceedings. ■ We need not reach these questions for, in our view, the enactment of section 1960 is dispositive.[1]

Section 1960 says that no finding, judgment or order in an unemployment compensation action or proceeding shall be "used as evidence in any separate or subsequent action or proceeding . . . ." SAFECO contends that the application of this section would violate the canon that statutes are ordinarily construed to apply prospectively. (See *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167 [18 Cal.Rptr. 369, 367 P.2d 865].) Moreover, it says, such an application would be unfair because it would defeat SAFECO's expectation that collateral estoppel would be available under the case law doctrine of *People* v. *Sims* (1982) 32 Cal.3d 468 [186 Cal.Rptr. 77, 651 P.2d 321]. We disagree with those contentions because the text and context of the statute impel its application to all pending cases and there is no unfairness in that result. Precedent, including *People* v. *Sims, supra,* does not plainly indicate that a contrary common law rule would have applied.

SAFECO makes no claim that a statute denying collateral estoppel effect to UIB determinations already final would be unconstitutional, nor do we discern any basis for such a claim. (See *San Bernardino County* v. *Indus. Acc. Com.* (1933) 217 Cal. 618, 628-630 [20 P.2d 673].) Accordingly, the sole question is one of interpretation of the statute. The starting point of such interpretation " 'is to read and examine the text of the act and draw inferences concerning meaning from its composition and structure.' " (*Nunez* v. *Superior Court* (1983) 143 Cal.App.3d 476, 480 [191 Cal.Rptr. 893].)

A.

The text of section 1960 (fn. 1, *ante*) does not facially distinguish between UIB determinations occurring before and after its enactment. It addresses the juncture at which the issue of collateral estoppel arises, i.e., at the time of the collateral proceeding, classifying its rule *as a rule of evidence*. Section 1960, so framed, is manifestly a rule of procedure, aimed at resolving the issues in the present action by trial rather than by collateral estoppel.

---

[1] Section 1960 is as follows. "Any finding of fact or law, judgment, conclusion, or final order made by a hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding before the appeals board, shall not be conclusive or binding in any separate or subsequent action or proceeding, and shall not be used as evidence in any separate or subsequent action or proceeding, between an individual and his or her present or prior employer brought before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts."

Section 1960 supplies a univocal rule—do not give such effect to *any* UIB determination in a pending proceeding. So read section 1960 applies to any wrongful discharge case which is pending at the time of its effective operation. (See *San Bernardino County* v. *Indus. Acc. Com., supra,* 217 Cal. at p. 628.) An action is pending until it is finally resolved on appeal. (See Code Civ. Proc., § 1049.) Since the issue of collateral estoppel effect is one of law and the parties have nothing invested in the trial court's resolution of that issue beyond that selfsame adjudication, we perceive no reason to review the matter from the temporal vantage point of the trial court.

### B.

The remaining question is whether there is any policy opposed to such an application. (See *San Bernardino County* v. *Indus. Acc. Com., supra,* at p. 628.) That is to say, are the circumstances such that we may find a latent ambiguity concerning the meaning of the statute, i.e., a contextual reason to suppose that the act was not meant to apply to prior UIB determinations. SAFECO's argument, perforce, is that the policy against giving statutes a retroactive effect is opposed to such application. However, that argument begs the question.

 It is a maxim that "no statute is to be given retroactive effect unless the Legislature has expressly so declared . . . ." (*DiGenova* v. *State Board of Education, supra,* 57 Cal.2d at p. 174.) Retroactive application of a statute is application to "operate on transactions which have occurred or rights and obligations which existed before passage of the act." (2 Sutherland, Statutory Construction (4th ed. 1986) § 41.01, p. 337, fn. omitted.) It gives them "an effect different from that which they had under previously existing law." (58 Cal.Jur.3d, Statutes, § 23, p. 335, fn. omitted.) But, as we will show, there is no manifest prior law which would have given collateral estoppel effect to a determination in a UIB proceeding.

"Although court opinions often designate statutes as either prospective or retrospective, the statutes in fact are often not susceptible to such clear characterization. Many statutes are both prospective and retrospective. Characterization thus may do nothing more than reflect a judgment concerning validity or interpretation, arrived at on other grounds. For example, it has been held that a statute is not rendered retroactive merely because the facts upon which its subsequent action depends are drawn from a time antecedent to its effective date." (2 Sutherland, Statutory Construction, *supra,* at pp. 337-338, fns. omitted.)

 The point of the rule disfavoring retroactivity is to avoid the unfairness that attends changing the law after action has been taken in just-

ifiable reliance on the former law. (See *Id.,* § 41.02.) Hence, the characterization of the application of a statute as retroactive depends on the propensity for unfairness. "[T]he problem in regard to retroactive laws is to determine under what circumstances, for what purposes, with what effects, and to what extent, unfairness results from the time frame within which a statute exerts its influence." (*Id.,* § 41.02, p. 342; fn. omitted.) The doctrine is qualified with exceptions for circumstances that ordinarily do not give rise to a substantial claim of unfairness, e.g., it is said "procedural rules amended during the pendency of a proceeding apply as amended." (*Pacific Vegetable Oil Corp.* v. *C.S.T., Ltd.* (1946) 29 Cal.2d 228, 233 [174 P.2d 441].) Similarly, "[a]n exception to the general rule that statutes are not construed to apply retroactively arises when the legislation merely clarifies existing law." (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828, fn. 8 [114 Cal.Rptr. 589, 523 P.2d 629].)

 SAFECO submits that the application of section 1960 to this case is retroactive because the UIB determination was final prior to the effective date of the statute. SAFECO implies it justifiably relied upon the contrary expectation that the UIB determination would be given collateral estoppel effect in vigorously litigating the UIB claim in the administrative forum. The theory of justification is that after *People* v. *Sims, supra,* at common law the UIB determination would have been entitled to collateral estoppel effect.

 An administrative adjudication is sometimes accorded collateral estoppel effect in a subsequent judicial proceeding. (See e.g. *People* v. *Sims, supra*; 7 Witkin Cal. Proc. (3d ed. 1985) Judgment, §§ 209-210.) In the absence of a statutory rule the issue of availability of collateral estoppel as to particular kinds of administrative adjudications is ascertained as a matter of common law. (See e.g. Rest.2d Judgments, § 83; Wrongful Employment Termination Practice (Cont.Ed.Bar 1987) § 4.50.) Prior to *People* v. *Sims,* the only case law applicable to the collateral estoppel effect to be given to UIB determinations in a wrongful discharge action held that such effect should not be given. (*Pratt* v. *Local 683, Film Technicians* (1968) 260 Cal.App.2d 545, 562-563 [67 Cal.Rptr. 483].) However, the rationale for that holding—that the administrative agency did not exercise judicial powers, hence issue preclusion in a judicial proceeding was impermissible—was eviscerated by the reasoning in *People* v. *Sims, supra,* 32 Cal.3d at pp. 479-482, especially footnote 8 on page 479. Nonetheless, *People* v. *Sims* does not compel the conclusion that at common law, absent the enactment of section 1960, a UIB determination would be entitled to collateral estoppel effect.

*People* v. *Sims* considered the question could the administrative adjudication of the Department of Social Services [DSS] that a welfare recipient had

not been overpaid be given binding effect in a collateral criminal proceeding charging welfare fraud. In that case the Supreme Court noted that "[m]uch uncertainty and confusion exist in the case law as to whether the decisions of an administrative agency may ever collaterally estop a later action." (32 Cal.3d at p. 477.) The high court then explicitly eschewed any effort to reconcile the existing case law, asserting "[i]n this case, the court is only concerned with whether a DSS fair hearing decision has binding effect in a collateral criminal proceeding." (*Ibid.*) The answer is yes, and the principal rationale articulated is that the administrative hearing conducted by the DSS "was a judicial-like adversary proceeding." (*Id.,* at p. 479, fn. omitted.) However, the court also supported its holding with the assertion that "the uniqueness of the statutory scheme governing prosecutions for AFDC fraud and the circumstances of the individuals receiving welfare benefits make application of collateral estoppel particularly appropriate in this case." (*Id.,* at p. 489.)

█ SAFECO takes from *People* v. *Sims* the flat rule that whenever the kind of hearing afforded in an administrative scheme meets the criteria of "a judicial-like adversary proceeding" collateral estoppel effect must be accorded. This reading ignores the caveats and complexity of that case and the complexity of the questions concerning the issue at common law. Resolving the issue also includes consideration of matters such as the effect of a nominal economic stake in issue in the administrative hearing (*Kelly* v. *Trans Globe Travel Bureau, Inc.* (1976) 60 Cal.App.3d 195, 202-203 [131 Cal.Rptr. 488]) and the policy of the administrative scheme concerning subsequent issue preclusion. "An adjudicative determination of a claim by an administrative tribunal does not preclude relitigation in another tribunal of the same or a related claim based on the same transaction if the scheme of remedies permits assertion of the second claim notwithstanding the adjudication of the first claim." (Rest.2d Judgments, § 83 subd. (3); also see *id., § 26*, subd. (d); *id.,* § 83, com. *h,* illus. 12.)

█ We find no implication in *People* v. *Sims* that such considerations are no longer pertinent to collateral estoppel doctrine. Both kinds of considerations present material grounds for rejecting such an effect for UIB determinations in a wrongful discharge action. The amount of money at stake in a UIB hearing will often be small in comparison to the costs of full blown litigation that could be warranted by the substantially greater stake in a wrongful discharge claim. Accordingly, a party to a UIB proceeding might be unfairly sandbagged if the results of the proceeding are given issue preclusion effect. Second, the administrative scheme for resolution of UIB claims was intended to be speedy and informal. (See *Gibson* v. *Unemployment Ins. Appeals Bd.* (1973) 9 Cal.3d 494, 499 [108 Cal.Rptr. 1, 509 P.2d 945].) If the UIB adjudication controls the outcome of the potentially more

costly wrongful discharge claim, it is forseeable that the parties will deploy far greater resources in the administrative forum, leading to delay. Since these considerations present substantial questions distinguishable from *People* v. *Sims,* that case cannot be viewed as controlling on the question concerning UIB determinations.

Accordingly, at the time of enactment of section 1960 the law concerning the collateral estoppel effect of UIB determinations was unsettled. SAFECO had no justified reliance interest in a "former" law which would be defeated by the application of section 1960. Hence, it presents no substantial claim that the application of section 1960 as to UIB determinations prior to its enactment should be characterized as retroactive.

Unless there is a good reason to the contrary, the Legislature's resolution of unsettled questions should be viewed as definitive.

The judgment is reversed.

Evans, Acting P. J., and Marler, J., concurred.