Filed 11/22/13

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| EDWARD KURZ,<br><br>    Plaintiff, Cross-defendant and<br>Appellant,<br><br>v.<br><br>SYRUS SYSTEMS, LLC,<br><br>    Defendant, Cross-complainant and<br>Respondent. | H038694<br>(Santa Clara County<br>Super. Ct. No. CV207221) |


## I.  INTRODUCTION

After appellant Edward Kurz filed a wrongful termination action against Syrus Systems, LLC (Syrus), his alleged former employer, Syrus filed a cross-complaint that included a cause of action for malicious prosecution.  Syrus alleged that Kurz had maliciously prosecuted a meritless claim for unemployment insurance benefits that terminated in Syrus's favor when the claim was denied and the denial was upheld on appeal by a decision of the Unemployment Insurance Appeals Board of the Employment Development Department (EDD).

Kurz brought a special motion to strike the malicious prosecution cause of action in the cross-complaint pursuant to Code of Civil Procedure section 425.16,[1] the anti-

---

[1] All further references to section 425.16 are to Code of Civil Procedure section 425.16.

SLAPP[2] statute.  Section 425.16 provides that a cause of action arising from constitutionally protected speech or petitioning activity is subject to a special motion to strike unless the plaintiff (or cross-complainant) establishes a probability of prevailing on the claim.  (§425.16, subd. (b)(1).)  The trial court denied the motion.

On appeal, Kurz contends that the trial court erred in denying his anti-SLAPP motion because Syrus cannot establish a probability of prevailing on the malicious prosecution claim, since Unemployment Insurance Code section 1960[3] provides that "[a]ny finding of fact or law, judgment, conclusion, or final order . . . in any action or proceeding before the [Unemployment Insurance Appeals Board], . . . shall not be used as evidence in any separate or subsequent action or proceeding, between an individual and his or her present or prior employer . . . ."  For the reasons stated below, we agree and therefore we will reverse the trial court's order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *The Pleadings*

In 2011, Kurz filed a complaint against Syrus alleging that he was employed by Syrus as its chief financial officer from 2008 until he was wrongfully terminated on January 26, 2010.

In the first cause of action for employment discrimination, Kurz asserted that he had an employment agreement obligating Syrus to pay him an annual salary of $40,000 in exchange for approximately 40 hours of work per month.  As his workload increased, Kurz requested additional compensation and the chief executive officer of Syrus, Igor Sokolov, allegedly agreed to pay him an additional $15,000.  Kurz further alleges that on January 25, 2010, Sokolov terminated his employment by contacting Bank of America,

---

[2] "SLAPP is an acronym for 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1 (*Jarrow*).)

[3] All further references to section 1960 are to Unemployment Insurance Code section 1960.

informing the bank that Kurz was no longer an employee, and removing Kurz's "bank pass code." The complaint includes additional employment discrimination causes of action, as well as contract and tort causes of action.

Syrus filed a cross-complaint in 2012 that includes causes of action for accounting malpractice, breach of contract, and malicious prosecution. In the cross-complaint, Syrus alleges that in 2005 it entered into an agreement with Kurz, as the sole proprietor of Able Financial Management Services, that Syrus would pay Kurz a flat fee of $40,000 per year as an independent contractor to "receive all company mail, . . . attend to all [Syrus's] accounts receivable/payable matters, [and] provide general bookkeeping services, tax preparation and filings." Syrus also added Kurz to the company checking account so he could issue payments. In 2010, Kurz allegedly failed to provide Sokolov with online access to the company's bank accounts. Syrus asserts that Sokolov and Syrus's chief operating officer, Larry Hasha, went to Bank of America and had the "bank pass code" changed so that Sokolov could regain access to company's funds.

Syrus further asserts that it never terminated Kurz's services and sent Kurz an email on January 31, 2010, informing him that he had not been terminated. Syrus also advised Kurz's attorney that Kurz had not been terminated. In June 2010, Kurz filed a claim with EDD for unemployment benefits. Syrus objected to Kurz's claim and appealed the initial EDD decision in Kurz's favor. In a written decision dated November 12, 2010, the administrative law judge "concluded that KURZ was not entitled to benefits as he was deemed to have voluntarily quit his work without good cause." Kurz appealed and on May 27, 2011, the Unemployment Insurance Appeals Board affirmed the administrative law judge's decision denying unemployment benefits. Syrus asserts that it has incurred more than $22,000 in attorney fees and costs in defending Kurz's EDD claim.

In the third cause of action for malicious prosecution, Syrus alleges that Kurz prosecuted his claim for unemployment benefits that would be taken from Syrus's

"reserve account" with knowledge that Kurz had not been terminated by Syrus and without believing his claim was valid. Syrus further alleges that Kurz acted with intentional, malicious, and oppressive disregard of Syrus's rights and caused the company to suffer financial loss.

B. *Special Motion to Strike Under Section 425.16*

In 2012, Kurz filed a special motion to strike the cross-complaint's third cause of action for malicious prosecution. In his memorandum of points and authorities, Kurz argued that the filing of a claim for unemployment insurance benefits and the filings, statements, and correspondence in related proceedings before the EDD constituted constitutionally protected speech or petitioning activity that is subject to a special motion to strike under section 425.16.

Kurz also argued that his anti-SLAPP motion should be granted because Syrus could not establish a probability of prevailing on its malicious prosecution claim pursuant to section 1960, which provides that the findings of fact, conclusions, and final orders of the Unemployment Insurance Appeals Board cannot be used as evidence in any subsequent proceeding between an individual and his or her present or prior employer. Absent admissible evidence that Syrus had prevailed in Kurz's appeal of the EDD decision denying him unemployment benefits, Kurz explained, Syrus could not satisfy the first element of a malicious prosecution claim by showing that a prior action had terminated in Syrus's favor. Kurz also argued Syrus could not meet the other two elements of a malicious prosecution claim because he had probable cause to file a claim for unemployment insurance benefits and Syrus could not show that he had acted with malice.

C. *Opposition to the Motion*

Syrus argued that Kurz's anti-SLAPP motion should be denied because it could establish a probability of prevailing on all three elements the malicious prosecution claim. Relying on the decisions in *Pichon v. Pacific Gas & Electric Co.* (1989) 212

4

Cal.App.3d 488 (*Pichon*) and *Mahon v. Safeco Title Ins. Co.* (1988) 199 Cal.App.3d 616 (*Mahon*), Syrus first contended that section 1960 applies only in wrongful termination actions and does not preclude the admission of an Unemployment Insurance Appeals Board decision in a malicious prosecution action. Syrus therefore argued that it could show with admissible evidence that the proceedings before the Unemployment Insurance Appeals Board had terminated in Syrus's favor.

Second, Syrus contended that it could show that Kurz brought his EDD claim without probable cause, since no reasonable person would believe that Kurz had a valid claim for unemployment insurance benefits when he was not an employee and his services were never terminated. Third, Syrus argued that the evidence showed that Kurz had prosecuted his EDD claim with malice, since an improper motive could be inferred from Kurz's actions in refusing to meet with Syrus after being told that he was not terminated and in continuing to prosecute his EDD claim with knowledge that he lacked probable cause.

In connection with its opposition to the anti-SLAPP motion, Syrus filed evidentiary objections and a request for judicial notice. The majority of the evidentiary objections asserted that certain statements made in Kurz's declaration and his attorney's declaration were not made on the basis of personal knowledge. In the request for judicial notice, Syrus sought judicial notice of the original complaint filed in this matter and the notice of change of venue to Santa Clara County Superior Court.

**D.  *The Trial Court's Order***

In its order filed on July 9, 2012, the trial court granted Syrus's request for judicial notice and sustained Syrus's evidentiary objections. The court also denied Kurz's section 425.16 special motion to strike the third cause of action for malicious prosecution in the cross-complaint.

The trial court determined that the malicious prosecution claim arose from activity protected under section 425.16, subdivision (e), stating that the claim necessarily

5

depended upon written and oral statements in a prior judicial proceeding. The court further determined that Syrus had met its burden to provide sufficient evidence to show a probability of prevailing on the malicious prosecution claim. The order did not address Kurz's contention that the malicious prosecution claim could not be established pursuant to section 1960's bar on the use of the findings of fact, conclusions, and final orders of the Unemployment Insurance Appeals Board as evidence in subsequent proceedings between an individual and his or her present or prior employer.

Kurz hereafter filed a timely notice of appeal.[4]

### III. DISCUSSION

On appeal, Kurz reiterates his contention that the trial court erred in denying his anti-SLAPP motion because the malicious prosecution claim arose from petitioning activity protected under section 425.16 and Syrus does not have a probability of prevailing on the claim. We will begin our evaluation of Kurz's contentions with an overview of section 425.16, the anti-SLAPP statute, followed by a discussion of the applicable standard of review.

#### A. *Section 425.16*

Section 425.16 was enacted in 1992 in response to a "disturbing increase" in lawsuits brought for the strategic purpose of chilling a defendant's rights of petition and free speech. (§ 425.16, subd. (a).)[5] SLAPPs are unsubstantiated lawsuits based on

---

[4] "An order denying a special motion to strike under section 425.16 is immediately appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).)" (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 490.)

[5] Section 425.16, subdivision (a) provides: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly."

claims arising from defendant's constitutionally protected speech or petitioning activity. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 60; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).)

Section 425.16 applies to any cause of action against a person "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subds. (b)(1), (e)(4).) The stated purpose of section 425.16 is to encourage protected speech by permitting a court to promptly dismiss unmeritorious actions or claims that are brought "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a); *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 278 (*Soukup*).)

Under section 425.16, the trial court evaluates the merits of a possible SLAPP by "using a summary-judgment-like procedure at an early stage of the litigation." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.) The procedures authorized in the statute allow a defendant to stay discovery before litigation costs mount, obtain early dismissal of the lawsuit, and recover attorney's fees. (*Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 197-198.)

A defendant seeking the protection of the anti-SLAPP statute has the burden of making the initial showing that the lawsuit arises from conduct "in furtherance of [a] person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subds. (b)(1), (e)(4); *Navellier*, *supra*, 29 Cal.4th at pp. 87-88.) Once the defendant has shown that the plaintiff's claim arises from one of the section 425.16, subdivision (e) categories of protected activity, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); *Navellier*, *supra*, at p. 88.)

Thus, " '[s]ection 425.16 posits . . . a two-step process for determining whether an action is a SLAPP. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds that such a showing has been made, it must then determine whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.]" (*Soukup*, *supra*, 39 Cal.4th at pp. 278-279.)

These rules apply with equal force to an anti-SLAPP motion brought by a cross-defendant, since section 425.16 "treats complaints identically with cross-complaints. (§ 425.16, subd. (h).)" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)

**B.** *The Standard of Review*

"Review of an order granting or denying a motion to strike under section 425.16 is de novo. [Citation.] We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)

Applying this standard of review, we will independently determine from our review of the record whether the cause of action for malicious prosecution in Syrus's cross-complaint constitutes a SLAPP under section 425.16, beginning with the threshold showing of protected activity.

**C.** *Threshold Showing of Protected Activity*

On appeal, Syrus does not challenge the trial court's ruling that Kurz's motion satisfied the first prong of the anti-SLAPP statute because its malicious prosecution claim

8

arises from activity that is protected under section 425.16, subdivision (e). We will independently determine whether the trial court was correct.

Section 425.16, subdivision (e) provides in pertinent part: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law. . . ."

Thus, since "[t]he filing of lawsuits is an aspect of the First Amendment right of petition" (*Soukup*, *supra*, 39 Cal.4th at p. 291), a claim based on actions taken in connection with litigation fall "squarely within the ambit of the anti-SLAPP statute's 'arising from' prong. (§ 425.16, subd. (b)(1).)" (*Navellier*, *supra*, 29 Cal.4th at p. 90, fn. omitted.) A claim arising from the decision of the Unemployment Insurance Appeals Board of the EDD similarly falls within the "arising from" prong because it involves the litigation of a claim for unemployment insurance benefits in an official proceeding authorized by law. (§ 425.16, subd. (e)(1), (2); see *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [constitutional right to petition includes " ' "the basic act of filing litigation or otherwise seeking administrative action" ' "]; *Dible v. Haight Ashbury Free Clinics* (2009) 170 Cal.App.4th 843, 849-852 [employee's defamation claim arising from employer's representations to EDD in connection with employee's unemployment insurance benefits claim arose from speech protected under § 425.16, subd. (e)(1), (2)]; see also *American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1024 [to receive benefits, an unemployment insurance claimant applies to the EDD, a branch of the Health and Welfare Agency, which investigates the claim and makes an initial eligibility determination].)

The California Supreme Court has stated that "[b]y definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.]" (*Jarrow*, *supra*, 31 Cal.4th at p. 735, fn. omitted.) A malicious prosecution action that arises from a civil lawsuit is therefore not exempt from the anti-SLAPP statute. (*Id.* at p. 741.) Our Supreme Court has also ruled that "an action for malicious prosecution may be founded upon the institution of a proceeding before an administrative agency." (*Hardy v. Vial* (1957) 48 Cal.2d 577, 581 (*Hardy*).) We therefore determine that a malicious prosecution action that arises from the litigation of a claim for unemployment insurance benefits in official proceedings before the Unemployment Insurance Appeals Board is not exempt from the anti-SLAPP statute.

For these reasons, Kurz met his initial burden to show that the cause of action for malicious prosecution in Syrus's cross-complaint arises from conduct "in furtherance of [a] person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (§ 425.16, subds. (b)(1), (e)(4); *Navellier*, *supra*, 29 Cal.4th at pp. 87-88.)

**D.** *Probability of Prevailing*

Since Kurz's motion satisfied the first prong of the anti-SLAPP statute, the burden shifted to Syrus to demonstrate the probability of prevailing on the cross-complaint's cause of action for malicious prosecution and thereby establish that the second prong of the anti-SLAPP statute has not been satisfied. (See *Soukup*, *supra*, 39 Cal.4th at pp. 278-279.)

**1. Plaintiff's Burden**

The California Supreme Court has described the plaintiff's burden as follows: "To establish a probability of prevailing, the plaintiff 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.]" (*Soukup*, *supra*, 39 Cal.4th at p. 291.) We do not "weigh

10

conflicting evidence to determine whether it is more probable than not that plaintiff will prevail on the claim. . . ." (*Taus v. Loftus* (2007) 40 Cal.4th 683, 714.) Instead, our standard of review requires us to consider the defendant's evidence " 'only to determine if it has defeated that submitted by the plaintiff as a matter of law.' [Citation.]" (*Soukup*, *supra*, at p. 269, fn. 3.)

### 2. Elements of a Malicious Prosecution Cause of Action

Kurz's anti-SLAPP motion must be granted unless Syrus has made a prima facie showing of facts sufficient to support each element of its malicious prosecution claim. (See *Soukup*, *supra*, 39 Cal.4th at p. 291.) "To prevail on a malicious prosecution claim, the plaintiff must show that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." (*Id.* at p. 292.) " 'Thus, "[i]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he [or she] complains terminated in his favor." [Citation.]' [Citation.]" (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 741.)

### 3. Section 1960

We will begin our analysis by addressing Syrus's showing with respect to the first element of favorable termination. Kurz argues that Syrus cannot prove that it obtained a favorable termination of the EDD proceedings because, under section 1960, none of Syrus's evidence regarding the May 27, 2011 decision of the Unemployment Insurance Appeals Board in Syrus's favor is admissible.

Syrus contends that its favorable termination showing was sufficient because section 1960, properly interpreted, does not immunize a claimant from liability for maliciously prosecuting a meritless claim for unemployment insurance benefits. According to Syrus, the decisions in *Mahon* and *Pichon* support its position that the Legislature's purpose in enacting section 1960 was to prohibit a decision of the

11

Unemployment Insurance Appeals Board from being given collateral estoppel effect in a subsequent proceeding. Syrus therefore argues that the evidence of the May 27, 2011 decision of the Unemployment Insurance Appeals Board, which affirmed the administrative law judge's decision denying benefits to Kurz and relieved Syrus's "reserve account of charges," is admissible to show that the proceedings before the Unemployment Insurance Appeals Board terminated in Syrus's favor.

Whether Syrus has met its burden to show a probability of prevailing in its malicious prosecution cause of action therefore turns on whether section 1960 may be properly interpreted to allow the May 27, 2011 decision of the Unemployment Insurance Appeals Board to be used as evidence to prove the favorable termination element. Statutory interpretation involves purely legal questions to which we apply the independent standard of review, guided by well-settled rules. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562; accord, *Jacobs Farm/Del Cabo, Inc. v. Western Farm Service, Inc.* (2010) 190 Cal.App.4th 1502, 1521.)

"[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.] In other words, ' "we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" ' [Citation.] If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the

12

statute's general purpose, and avoiding a construction that would lead to absurd consequences.  [Citation.]"  (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.)

Following these rules, we first examine the language of the statute.  Section 1960 states:  "***Any*** *finding of fact or law, judgment, conclusion, or final order* made by a hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding before the [Unemployment Insurance Appeals Board], shall not be conclusive or binding in any separate or subsequent action or proceeding, and ***shall*** *not be used as evidence in* ***any*** *separate or subsequent action or proceeding*, *between an individual and his or her present or prior employer* brought before an arbitrator, court, or judge of this state or the United States, regardless of whether the prior action was between the same or related parties or involved the same facts."  (Boldface & italics added.)

We determine that the words "any" and "shall" in section 1960 are indicative of the Legislature's intent.  "The word 'any' is not ambiguous.  '[T]he ordinary meaning of the word "any" is clear, and its use in a statute unambiguously reflects a legislative intent for that statute to have a broad application.  [Citations.]'  [Citation.]"  (*Brandon S. v. State of California ex rel. Foster Family Home etc. Ins. Fund* (2009) 174 Cal.App.4th 815, 825; see also *Utility Cost Management v. Indian Wells Valley Water Dist.* (2001) 26 Cal.4th 1185, 1191 ["The use of the word 'any' and the inclusion of several disjunctives to link essentially synonymous words all serve to broaden the applicability of the provision."].)  "[T]he word 'shall' in a statute is ordinarily deemed mandatory, and 'may' permissive.  [Citation.]"  (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1143.)

The words "any" and "shall" in the language of section 1960 therefore reflect the Legislature's intent that the statute have broad application.  Consequently, we find that the plain language of section 1960 imposes a blanket prohibition on the use of a finding of fact or decision of the Unemployment Insurance Appeals Board as evidence in any

separate or subsequent action between an individual and his or her prior employer. The plain language of section 1960 also shows that the Legislature did not intend to limit the scope of section 1960 to prohibiting the use of the findings of fact or decision of the Unemployment Insurance Appeals Board for collateral estoppel effect. In addition to specifying that the findings of fact or decision of the Unemployment Insurance Appeals Board "shall not be conclusive or binding in any separate or subsequent action or proceeding," section 1960 expressly bars their use "as evidence in any separate or subsequent action or proceeding." Significantly, section 1960 does not include an exception for malicious prosecution actions.

We may also " 'examine the history and background of the statutory provision in order to ascertain the most reasonable interpretation of the measure.' [Citation.]" (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543.) Even where, as here, the plain language of the statute dictates the result, the legislative history may provide additional authority confirming the court's interpretation of the statute. (*Id.* at p. 544.) Having reviewed the available legislative history of section 1960, we find it confirms our plain language interpretation of the statute.

Section 1960 was added to the Unemployment Insurance Code in 1986 (Stats. 1986, ch. 283, § 1.) The Senate Rules Committee's 1986 bill analysis states: "This bill prohibits any finding or judgment by any administrative law judge of the California Unemployment Insurance Appeals Board, or the board itself, from being binding, conclusive, or used as evidence in any separate or subsequent legal proceeding between an individual or his or her present or prior employer." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 3950 (1985-1986 Reg. Sess.) June 19, 1986, p. 1.) The bill analysis further states: "The appeals board and its administrative law judges are not bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, but may conduct hearings and appeals in such manner as to ascertain the substantial rights of the parties. . . . [¶] Current statutes do

14

not prohibit the findings of an unemployment insurance appeals hearing from being used as evidence in, or being binding on, a subsequent legal proceeding." (*Ibid.*)

Thus, the legislative history shows that the Legislature intended that section 1960 was enacted, in part, to prohibit the findings and decisions of the Unemployment Insurance Appeals Board from being *used as evidence in any subsequent proceeding* between an individual and his or her present or prior employer, which necessarily includes the employer's subsequent action for malicious prosecution of the individual's unsuccessful claim for unemployment insurance benefits. The 1988 decision in *Mahon* and the 1989 decision in *Pichon*, on which Syrus relies, do not support a different interpretation of section 1960 that excludes malicious prosecution actions from its scope.

In *Mahon*, the plaintiff employee appealed from the summary judgment obtained by the defendant employer in her wrongful termination action. (*Mahon*, *supra*, 199 Cal.App.3d at p. 618.) The trial court had ruled that the plaintiff was collaterally estopped from raising the issue of wrongful discharge because the issue had been determined adversely to her in EDD proceedings, where the administrative law judge found that the plaintiff was ineligible for unemployment benefits because she had voluntarily left work without good cause. (*Ibid.*) Section 1960 was enacted during the pendency of the appeal, and the appellate court determined that "[s]ection 1960 says that no finding, judgment or order in an unemployment compensation action or proceeding shall be 'used as evidence in any separate or subsequent action or proceeding . . . .'" (*Id.* at p. 619.) The appellate court also determined that section 1960 was applicable and therefore the EDD adjudication could not be given collateral estoppel effect. For that reason, the appellate court reversed the summary judgment. (*Id.* at p. 618.)

In *Pichon*, a former employee of Pacific Gas & Electric brought a wrongful termination action that ended in the company's favor after its motion for summary adjudication and motion in limine for dismissal were both granted. (*Pichon*, *supra*, 212 Cal.App.3d at pp. 492-493.) The plaintiff appealed and Pacific Gas & Electric

15

contended, as an alternative basis for affirming the judgment, that "the trial court should have granted its initial motion for summary judgment on the ground that a decision of the . . . Unemployment Insurance Appeals Board . . . finding that [the plaintiff] was discharged for misconduct collaterally estops [him] from relitigating the reasons for his discharge." (*Id*. at p. 503.) The appellate court rejected that contention on the ground that "section 1960 precludes us from giving the findings of the [Unemployment Insurance Appeals Board] collateral estoppel effect." (*Id*. at p. 504.)

The decisions in *Mahon* and *Pichon* did not address the issue of whether section 1960 prohibits an employer from using a decision of the Unemployment Insurance Appeals Board as evidence in the employer's malicious prosecution action arising from a former employee's unsuccessful claim for unemployment insurance benefits. " ' "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." [Citation.]' [Citation.]" (*May v. City of Milpitas* (2013) 217 Cal.App.4th 1307, 1335 (*May*).) Further, neither decision considered the issue of whether the application of section 1960 is limited to wrongful termination actions in which the defendant employer argues that an adjudication in EDD proceedings that was adverse to the plaintiff employee should be given collateral estoppel effect. The decisions in *Mahon* and *Pichon* are therefore distinguishable and do not support Syrus's contention that section 1960 is not applicable in an employer's malicious prosecution action arising from the Unemployment Insurance Appeals Board's decision upholding the denial of an employee's EDD claim for unemployment benefits.

Syrus also relies on the decisions in *Brennan v. Tremco Inc.* (2001) 25 Cal.4th 310 (*Brennan*) and *Hardy, supra,* 48 Cal.2d 577. In *Hardy,* the California Supreme Court stated the general rule that "an action for malicious prosecution may be founded upon the institution of a proceeding before an administrative agency." (*Hardy*, *supra*, at p. 581; see *Brennan*, *supra*, at p. 313 [courts have decided that various proceedings may give rise

16

to a malicious prosecution action, including administrative proceedings].)  However, both *Brennan* and *Hardy* are distinguishable.

The issue in *Brennan* was whether "a person may sue for the malicious prosecution of an action that the parties resolved through contractual arbitration." (*Brennan*, *supra*, 25 Cal.4th at p. 312.)  Our Supreme Court ruled that an action that terminated in contractual arbitration should not give rise to a malicious prosecution action because that would defeat the purpose of contractual arbitration—to be relatively quick and inexpensive—and because the nature of contractual arbitration does not always allow a "ready determination" of favorable termination.  (*Id*. at p. 317.)

The *Hardy* court addressed the issue of whether a state university professor could bring a malicious prosecution action arising from proceedings before the State Personnel Board regarding the professor's dismissal, which were terminated in the professor's favor after the State Personnel Board found the charges against him were untrue.  (*Hardy*, *supra*, 48 Cal.2d at p. 580.)  The court stated:  "In considering the availability of an action for malicious prosecution, no distinction should be made between proceedings commenced before agencies having adjudicatory powers and those commenced before agencies whose findings of fact are subject to trial de novo in a judicial proceeding." (*Id*. at p. 581.)

Thus, in *Brennan* and *Hardy* the California Supreme Court did not address a malicious prosecution action arising from proceedings before the Unemployment Insurance Appeals Board, section 1960, or any statute with preclusive effect similar to section 1960.  Since, as we have noted, an opinion is not authority for propositions not considered (*May*, *supra*, 217 Cal.App.4th at p. 1335), these decisions do not support Syrus's narrow interpretation of section 1960 that excludes malicious prosecution actions from its scope.

Finally, we emphasize that we are guided by the rule that "[a] ' "court cannot, . . . in the exercise of its power to interpret, rewrite the statute.  . . .  That is a legislative and

not a judicial function." ' [Citations.]" (*Estate of Sanders* (1992) 2 Cal.App.4th 462, 476.) "[W]e may therefore disregard a statute's plain language only in extreme cases." (*Estate of Thomas* (2004) 124 Cal.App.4th 711, 726.) Syrus's contention that section 1960 should be interpreted to exclude malicious prosecution actions from the statute's scope, as the litigation privilege of Civil Code section 47, subdivision (b) has been interpreted (see, e.g., *Action Apartment Assn. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1242), is therefore an issue for the Legislature.

### 4. Syrus Cannot Show a Probability of Prevailing

Since we have determined that the plain language of section 1960 imposes a blanket prohibition on the use of a finding of fact or decision of the Unemployment Insurance Appeals Board as evidence in a subsequent action between an individual and his or her prior employer, we also determine that Syrus is prohibited from using the May 27, 2011 decision of the Unemployment Insurance Appeals Board as evidence to prove the favorable termination element of the malicious prosecution cause of action in its cross-complaint. Absent evidence that the proceedings before the Unemployment Insurance Appeals Board terminated in its favor, Syrus cannot meet its burden to demonstrate the probability of prevailing on the cause of action for malicious prosecution. (See *Soukup*, *supra*, 39 Cal.4th at pp. 278-279.) We therefore need not address the parties' contentions regarding the remaining elements of probable cause and malice.

As we have discussed, " '[o]nly a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.]" (*Soukup*, *supra*, 39 Cal.4th at pp. 278-279.) Having determined that the malicious prosecution cause of action satisfies the first prong because it arises from activity protected under section 425.16, subdivision (e), and having also determined that the second prong is satisfied because Syrus cannot show a probability of prevailing, we

18

conclude that the malicious prosecution cause of action is a SLAPP within the meaning of section 425.16.

For these reasons, we further conclude that the trial court erred in denying Kurz's special motion to strike the cause of action for malicious prosecution in the cross-complaint pursuant to section 425.16, and we will reverse the order.

## IV.  DISPOSITION

The July 9, 2012 order denying the special motion to strike the third cause of action for malicious prosecution in the cross-complaint is reversed.   The matter is remanded to the trial court to enter an order granting the motion to strike, and to conduct proceedings as appropriate to determine costs and reasonable attorney fees, including attorney fees on appeal, to be awarded to appellant.  (See *Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1038.)

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.



_____
MÁRQUEZ, J.

*Kurz v. Syrus Systems, LLC*
**H038694**

Trial Court:                              Santa Clara County Superior Court
                                          Superior Court No.:  CV207221


Trial Judge:                              Hon. Kevin E. McKenney


Attorney for Plaintiff, Cross-defendant   Charles Joshua Katz
and Appellant:
Edward Kurz


Attorneys for Defendant, Cross-           Willoughby, Stuart & Bening
complainant and Respondent:               Ellyn E. Nesbit
Syrus Systems, LLC


*Kurz v. Syrus Systems, LLC*
**H038694**