Filed 6/17/22  Rassaii v. Bd. of Trustees of the Cal. State University CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRED RASSAII, | H048281 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 19-CV-353871) |
| v. | |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, | |
| Defendant and Respondent. | |

Section 41300, subdivision (f) of title 5 of the California Code of Regulations states, in relevant part:  "A graduate or post-baccalaureate student shall be subject to disqualification if while on probation the student fails to earn sufficient grade points to be removed from probationary status."  Under that regulation, plaintiff Fred Rassaii was disqualified from a graduate school program at San Diego State University after failing to meet the program's GPA requirements for two consecutive semesters.  Rassaii sued the Board of Trustees of the California State University, challenging the regulation as facially unconstitutional.  The trial court sustained the Trustees' demurrer without leave to amend.  Rassaii argues on appeal that his complaint stated a valid facial challenge to the regulation.  Finding no error, we will affirm the judgment of dismissal.

## I.    TRIAL COURT PROCEEDINGS

Representing himself, Rassaii sued the Trustees in 2019.  According to the complaint, plaintiff was enrolled in a graduate program in Medical Physics at San Diego State University.  The minimum GPA for the program was 2.85.  Rassaii was placed on

probation after the fall 2018 semester for failing to earn the minimum GPA. When he again failed to earn the minimum GPA during the spring 2019 semester, he was disqualified from the program. Rassaii alleges he was informed that he would not be allowed to apply for reentry into the program for one semester, which delayed his studies by at least a full year because the university does not offer spring admissions. The complaint further alleges that reentry is not assured because he will have to compete with new applicants for limited graduate school openings.

Rassaii's complaint states it is a "facial challenge to the first part" of section 41300, subdivision (f) of title 5 of the California Code of Regulations (section 41300(f)). The complaint alleges the regulation violates equal protection "by promoting those students who manage to receive the required grade and GPA in their first try and reject[ing] those students who may need to revisit a course a second time." The complaint asserts the regulation "criminalizes a grade point average (GPA) lower than the minimum required GPA set by graduate schools," and that it "promotes the same ideology" as that of the "leaders of Nazi Germany" by "promot[ing] the idea that only those who have the ability to receive the required grades and GPA on the first try can stay and continue with their graduate studies, and all others must be filtered out." The complaint seeks a declaration that the challenged regulation is "unlawful, unfair, discriminatory and unconstitutional."

The Trustees demurred, arguing the complaint failed to state a cause of action. (Citing Code Civ. Proc., § 430.10, subd. (e).) After a hearing, the trial court adopted its tentative ruling as the order sustaining the demurrer without leave to amend. Rassaii prematurely appealed from that order. This court stayed the appeal pending receipt of a final judgment, which was filed in the trial court in September 2020.

## II.    DISCUSSION

We review de novo a judgment of dismissal based on a sustained demurrer. (*Organizacion Comunidad De Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783,

2

790.)  We will reverse the dismissal if the allegations of the petition state a cause of action under any legal theory.  (*Ibid*.)  We assume the truth of all facts alleged in the petition (*id.* at pp. 790–791), but we do not consider conclusory factual or legal allegations.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.)  Constitutional claims can be resolved on demurrer if they are limited to questions of law.  (Code Civ. Proc., § 589, subd. (a); *Alfaro v. Terhune* (2002) 98 Cal.App.4th 492, 509–510.)  Although we note that demurrer is not the favored means to test a request for declaratory relief (because a plaintiff is entitled to a declaration of his or her rights even if the declaration is adverse), as here where the issue is purely a question of law " ' "the opinion of the reviewing court will constitute the declaration of the legal rights and duties of the parties concerning the matter in controversy." ' "  (*Levi v. O'Connell* (2006) 144 Cal.App.4th 700, 706 (*Levi*).)

### A.  THE REGULATION DOES NOT VIOLATE EQUAL PROTECTION

Rassaii contends he has stated a valid cause of action by alleging section 41300(f) facially violates the equal protection clauses of the federal and California constitutions.[1]  Two standards have been applied in evaluating facial challenges to statutes and regulations.  (See *T-Mobile West LLC v. City and County of San Francisco* (2019) 6 Cal.5th 1107, 1117, fn. 6 [noting "uncertainty regarding the standard for facial constitutional challenges to statutes and local ordinances"].)  Under one standard, the "legislation is invalid if it conflicts in the generality or great majority of cases."  (*Ibid*.)  Under the narrower standard, "legislation is invalid only if it presents a total and fatal conflict with applicable constitutional prohibitions."  (*Ibid*.)  For purposes of equal protection review, a legislative classification that " ' "neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection

---

[1]  Rassaii emphasizes his challenge is facial and not as-applied:  He states he "simply challenged the constitutionality of a regulation," "[n]ot the constitutionality of the actions of any person or any entity."

challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." ' " (*Gerawan Farming, Inc. v. Agricultural Labor Relations Bd.* (2017) 3 Cal.5th 1118, 1140.)

Section 41300(f) is facially neutral in that it does not differentiate based on any suspect classification. The regulation only distinguishes students who earn sufficient grade points to be relieved of probation and those who do not. Nor does it infringe on any fundamental constitutional rights, as there is no fundamental federal constitutional right to secondary education. (*San Antonio Independent School Dist. v. Rodriguez* (1973) 411 U.S. 1, 35 ["Education, of course, is not among the rights afforded explicit protection under our Federal Constitution."]; *Kadrmas v. Dickinson Public Schools* (1988) 487 U.S. 450, 458 [education is not a fundamental federal constitutional right].) We acknowledge the California Constitution directs the Legislature to "encourage by all suitable means the promotion of intellectual, scientific, moral, and agricultural improvement" (Cal. Const., art. IX, § 1) and guarantees free attendance at a "system of common schools" (Cal. Const., art. IX, § 5), but that system does not include collegiate or post-graduate institutions. (*Levi*, *supra*, 144 Cal.App.4th at p. 708 ["the common schools of California under section 5 [of article IX of the California Constitution] are the schools that provide what has become known as grades K through 12"; "Colleges and universities are not included."].) We therefore apply rational basis principles to Rassaii's constitutional challenge.

A regulation will survive rational basis review unless there is no rational relationship between the disparity of treatment and some legitimate government interest. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) Here, the Trustees have a legitimate interest in declaring minimum academic standards to maintain public confidence in the caliber of graduates from California State University programs. The minimum standards ensure that graduates will have attained competence in their field of study. The minimum standards also serve the government's legitimate interest in

4

appropriately filling the limited enrollment openings in the system's graduate schools. The regulation rationally advances the legitimate government interest in allocating those seats to individuals who demonstrate subject matter proficiency. Though Rassaii suggests the regulation could be more narrowly tailored to consider the personal characteristics of affected individuals, narrow tailoring is not a requirement in rational basis review. Because the regulation is rationally related to legitimate government interests, plaintiff's facial equal protection challenge fails as a matter of law.

## B. THE REGULATION DOES NOT IMPOSE CRIMINAL PENALTIES

Rassaii alleges in the complaint that section 41300(f) is an "unconstitutional law because it criminalizes failure to maintain the minimum required GPA in two consecutive semester[s]." His appellate briefing repeats that argument, contending for example that "receiving a low grade in a course or a low GPA in a semester is not a criminal act, hence, application of any form of punishment, especially one as serious as expulsion, on a student who has received a low grade or a low GPA is unlawful and unconstitutional." Contrary to that conclusory legal argument, the challenged regulation is not a criminal law and does not impose criminal punishment. No fine or carceral penalty applies for failing to maintain the minimum GPA. The regulation merely ends entitlement to graduate school enrollment upon a showing that a student has failed to meet the applicable minimum GPA for multiple semesters. (See *Goldberg v. Regents of University of Cal.* (1967) 248 Cal.App.2d 867, 881 ["procedures for dismissing college students were not analogous to criminal proceedings"].)

Rassaii emphasizes in his appellate briefing that he has not made "any assertion, claim, or any mention of 'Due Process Right', or the violation of it," which we understand to mean he does not challenge the method of disqualifying a student under section 41300(f) on procedural due process grounds. (See *Board of Curators of University of Missouri v. Horowitz* (1978) 435 U.S. 78, 84.) The complaint's theory of

5

criminal consequences arising from the application of section 41300(f) does not state a valid cause of action.

## C. POLICY ARGUMENTS

Much of Rassaii's complaint and appellate briefing consists of policy arguments about the wisdom of the challenged regulation. Rassaii urges that poor academic performance can be caused by factors outside a student's control, such as "stress, mental anguish, 'mental difficulty', depression, grief, illness, poverty, hunger, homelessness, non-school related obligation(s), including when school fails to deliver proper, competent, and qualified education." But even accepting those assertions, Rassaii points to nothing illegal in the challenged regulation that would support a valid cause of action. The Board of Trustees is vested with authority to adopt regulations governing the California State University system (Ed. Code, §§ 66600, 89030), and proposals to amend those regulations must be directed there. We have no power to rewrite validly enacted regulations. (See *Kurz v. Syrus Systems, LLC* (2013) 221 Cal.App.4th 748, 765.)

## D. NO LEAVE TO AMEND

Rassaii did not request in his appellate briefing leave to amend his complaint, nor demonstrate a reasonable possibility that an amendment would cure the defects that caused the demurrer to be sustained. (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)

## III.  DISPOSITION

The judgment of dismissal is affirmed. In the interest of justice, each party shall bear its costs on appeal.

6

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Wilson, J.

H048281 - *Rassaii v. Board of Trustees of the California State University*